**RUBIN, KAPLAN & ASSOCIATES**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
**200 CENTENNIAL AVENUE**
**SUITE 110**
PISCATAWAY, NJ 08854-3950

(732) 463-7511
FAX: (732) 463-7648
E-MAIL: attys@rkalaw.com
WEBSITE: www.rkalaw.com

April 11, 2018

Via E-filing

Clerk, United States District Court
District of New Jersey
M.L. King, Jr. Federal Bldg. &
U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:    <u>Vision Industries Group, Inc. v. Acu Plasmold, Inc., ABC Companies 1-10 and XYZ Corporations 1-10</u>
             Civil Action No.:

Dear Sir or Madam:

Enclosed herewith please find the following:

    1.    Complaint; and
    2.    Civil Cover Sheet

Please file the original. Kindly charge any applicable filing fee to our Attorney Collateral Account #140579. Thank you.

                                 Very truly yours,

                                 *Evelyn Donegan*
                                 EVELYN A. DONEGAN

EAD/psg
Encs.

EVELYN A. DONEGAN, ESQ. (040481983)
RUBIN, KAPLAN & ASSOCIATES
A Professional Corporation
200 Centennial Avenue, Suite 110
Piscataway, New Jersey 08854
(732) 463-7511
Attorneys for Plaintiff, Vision Industries Group, Inc.

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VISION INDUSTRIES GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACU PLASMOLD, INC. <br> and ABC COMPANIES 1-10, <br> (said companies being fictitious), <br> and XYZ CORPORATIONS 1-10, <br> (said corporations being fictitious), <br><br> Defendants. | Civil Action No.: <br><br> **COMPLAINT** |

### COMPLAINT

Plaintiff Vision Industries Group, Inc. (hereinafter "Vision Industries"), by and through its counsel, Evelyn A. Donegan, Esq., of Rubin, Kaplan & Associates, complain against Acu Plasmold, Inc. (hereinafter "Acu") and ABC Companies (1-5), said companies being fictitious, and alleges upon knowledge as to itself and otherwise upon information and belief as follows:

### NATURE OF THE ACTION

1. This is a breach of contract action by a New Jersey Corporation for breach of a distributorship agreement and breach of the covenant of good faith and fair dealing with a company formed in Canada.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over all causes of actions set forth herein based upon 28 U.S.C. § 1332(a)(2), and pursuant to the supplemental jurisdiction of this Court for all non-federal causes of action under 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendants by virtue of, *inter alia*, (a) Defendant Acu Plasmold, Inc.'s having business relations within the State of New Jersey and conducting regular business transactions therein, giving it the requisite minimum contacts with the state required to be subject to jurisdiction therein; (b) Defendant Acu Plasmold, Inc. ("ACU Canada") having a place of business at 270 Esna Park Drive, Unit 9-10, Markham, Ontario, L3R1H3 Canada contracting with plaintiff, a New Jersey Corporation, to give plaintiff an exclusive sales territory of the United States, including New Jersey, for sales of defendant's products; and (c) Defendant Acu Plasmold has an American company affiliated with it known as Acu Plasmold, USA, Inc. in Rosemead, California. Acu Canada and Acu Plasmold, USA, Inc. have the same CEO.

4. Venue is proper in this judicial district and division since plaintiff is a New Jersey Corporation located at 500 Metuchen Road, South Plainfield, New Jersey.

5. The amount in controversy exceeds $75,000.

## THE PARTIES TO THE COMPLAINT

6. Plaintiff Vision Industries Group, Inc. ("Vision Industries") is a New Jersey Corporation with its principal place of business at 500 Metuchen Road, South Plainfield, New Jersey 07080.

7. Defendant Acu Plasmold, Inc. ("Acu") is believed to be an Ontario Canada Corporation, having a principal place of business at 270 Esna Park Drive, Unit 9-10, Markham Ontario, L3R1H3 Canada.

8. Defendants ABC Companies 1-10 and XYZ Corporations 1-10 are fictitious persons or entities whose present identity and address are unknown, who have also breached their obligations to Plaintiff, or who assisted, conspired, or otherwise cooperated with the other Defendants in the acts complained of herein.

## BACKGROUND

9. Plaintiff and Defendant entered into a Distribution Agreement dated November 2015 ("Distribution Agreement").

10. Plaintiff is in the business of selling windows and windows related products and components.

11. Defendant Acu is in the business of manufacturing and/or supplying windows, window related products and components.

12. Plaintiff began its preparations to sell products manufactured and/or supplied by defendant.

13. These preparations involved significant costs in excess of $230,000 for advertising in Door and Window Market Magazine, hiring consultants, appearances at the Las Vegas trade show with booth, sample costs, appearance at the Atlanta trade show with booth, prototypes, sample creation, and testing fees.

14. Upon placing the initial orders for product with the defendant, there was no satisfactory response from defendant as to when the plaintiff would provide the products.

15. Plaintiff cannot move forward with obtaining orders for products unless plaintiff can receive the supplies of products defendant is obligated to supply.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

16. Paragraphs 1 through 15 are realleged and incorporated herein by reference.

17. Defendant has breached its obligation under the Distribution Agreement to sell the product to plaintiff.

18. Plaintiff ordered products from defendant to be able to resell to its potential customers.

19. Defendant refused to sell the products to plaintiff.

20. Defendant increased the prices of some products without notice.

21. As a result plaintiff has incurred damages due to defendant's breach of its contract to supply products.

22. Plaintiff has incurred financial losses and will continue to do so due to defendant's breaches.

## SECOND CAUSE OF ACTION

### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

23. Paragraphs 1 through 22 are realleged and incorporated herein by reference.

24. It is implied under the Distribution Agreement that each party would proceed in good faith.

25. It is implied under the Distribution Agreement that defendant would sell the products to plaintiff when ordered by the plaintiff.

26. It is implied under the Distribution Agreement that the defendant would properly test and certify its products that it has developed to sell to plaintiff in fulfillment of the Distributorship.

27. It is implied under the Distribution Agreement that the defendant will not alter its pricing to plaintiff unreasonably, exorbitantly or without notice so as to disrupt the flow of products to plaintiff.

28. The defendant was aware that plaintiff would of necessity incur substantial expenses in setting up to become the exclusive U.S. distributor.

29. In bad faith, defendant has failed and refused to supply the goods ordered by plaintiff.

30. In bad faith, defendant has made demands that plaintiff pay for portions of defendant's own product testing and there is no requirement under the Distributor Agreement for plaintiff to do so.

31. In bad faith, defendant has altered its pricing unreasonably, exorbitantly or without notice. Specific prices were not explicitly stated in the Distribution Agreement.

32. Plaintiff has incurred financial losses and will continue to do so due to defendant's breaches of the implied covenant of good faith and fair dealing.

## THIRD CAUSE OF ACTION

### (ABC Companies 1-10, XYZ Corporations 1-10)

33. Paragraphs 1 through 32 are realleged and incorporated herein by reference.

34. Defendants ABC Companies 1-10 and XYZ Corporations 1-10 are unknown suppliers or manufacturers who caused price increases, refused to supply products and induced plaintiff to expend funds in reliance on the Distribution Agreement.

35. The actions described in paragraph 34 above were taken by ABC Companies 1-10 and XYZ Corporations 1-10 in breach of their obligations to plaintiff.

36. As a result of the actions of the ABC Companies 1-10 and XYZ Corporations 1-10, plaintiff has been damaged and will continue to incur damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the defendant as follows:

1. Monetary damages for all the expenses incurred by plaintiff in setting up to fulfill the role of U.S. distributor;

2. Monetary damages for lost profits from the sale of defendant's products which have been withheld from plaintiff;

3. An order compelling defendant to comply with its obligations under the Distribution Agreement; and

4. Such other and further relief as the Court may deem in the interest of justice.

Respectfully submitted,

Date: April 11, 2018

By:/s/ Evelyn A. Donegan EAD 6720
EVELYN A. DONEGAN, ESQ.
RUBIN, KAPLAN & ASSOCIATES
ATTORNEYS FOR PLAINTIFF
200 Centennial Avenue, Suite 110
Piscataway, New Jersey 08854
732-463-7511
edonegan@rkalaw.com (Email)

CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither plaintiff nor plaintiff's attorney is aware of any other action pending in any court, or any pending arbitration or administrative proceeding, to which this matter is subject.

Respectfully submitted,

Date: April 11, 2018

By:/s/ Evelyn A. Donegan EAD 6720
EVELYN A. DONEGAN, ESQ.
RUBIN, KAPLAN & ASSOCIATES
ATTORNEYS FOR PLAINTIFF
200 Centennial Avenue, Suite 110
Piscataway, New Jersey 08854
732-463-7511
edonegan@rkalaw.com (Email)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
VISION INDUSTRIES GROUP, INC.

**(b)** County of Residence of First Listed Plaintiff  **Middlesex**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rubin, Kaplan & Associates
200 Centennial Avenue, Suite 110
Piscataway, NJ 08854

## DEFENDANTS
ACU PLASMOLD, INC.
ABC Companies 1-10 & XYZ Corporations 1-10

County of Residence of First Listed Defendant  _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1332
Brief description of cause:
Breach of Contract/Breach of Covenant of Good Faith and Fair Dealing

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 230,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 04/11/2018
SIGNATURE OF ATTORNEY OF RECORD: *Evelyn A. Donegan*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____