UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VISION INDUSTRIES GROUP, INC.,

          Plaintiff,

-- against --

ACU PLASMOLD, INC., ABC COMPANIES 1-10 and
XYZ CORPORATIONS 1-10,

          Defendants.

Case No. 2:18-cv-6296 (ES) (CLW)

[~~~~~~~~~] **PRETRIAL SCHEDULING ORDER**

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on **July 11, 2018**, and the parties having reviewed the Court's Civil Case Management Order as well as the Local Civil Rules, and for good cause shown,

IT IS on this _11_ day of _July_, 2018,

**ORDERED THAT** the next event in this matter will be _a teleconference to be initiated by plaintiff, on 10/15/18 @ 1pm_.

**FURTHER ORDERED** that this matter will proceed as follows:

1. **Fact Discovery Deadline.** Fact discovery is to remain open through ~~February 15~~ _March 15_, 2019. All fact witness depositions must be completed by the close of fact discovery. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

2. **Motions to Add New Parties.** Any motion to add new parties, whether by amended or third-party complaint, must be electronically filed no later than **December 15, 2018**.

3. **Motions to Amend Pleadings.** Any motion to amend pleadings must be electronically filed no later than **December 15, 2018**.

4. **Rule 26 Disclosures.** The parties have exchanged disclosures pursuant to Rule 26 by no later than **July 16, 2018**.

5. **Interrogatories.** The parties may serve interrogatories limited to **25** single questions including subparts, on or before **August 30, 2018**, which shall be responded to by **October 16, 2018**.

6. **Document Requests.** The parties may serve requests for production of documents on or before **August 30, 2018**, which shall be responded to by **October 16, 2018**.

7. **Depositions**. The number of depositions to be taken by each side shall not exceed **10**, (subject to the right of either party to seek additional depositions for good cause shown). Each 7 hours of 30(b)(6) depositions shall count as one deposition, regardless of the number of categories or deponents. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

8. **Electronic Discovery**. The parties are directed to Rule 26(f), as amended, which, *inter alia*, addresses preservation of discoverable information, discovery of electronically stored information, and claims of privilege or work product protection. The parties are also directed to Local Civil Rule 26.1(d) which describes the obligations of counsel with regard to their clients' information management systems.

9. **Discovery Disputes**. Please refer to the Court's Civil Case Management Order.

10. **Motion Practice**. Please refer to the Court's Civil Case Management Order.

11. **Expert Reports**. Plaintiff's expert report(s) shall be delivered by **March 15, 2019**. Defendants' expert report(s) shall be delivered by **May 15, 2019**. Plaintiffs rebuttal expert report, if any, shall be delivered by **July 1, 2019**. Should Defendants serve an expert report on an issue on which Plaintiff has not served a report, Plaintiffs responding report shall be delivered by **August 15, 2019**. Depositions of all experts to be completed by **September 15, 2019**.

12. **Form and Content of Expert Reports**. All expert reports must comport with the form and content requirements set forth in Rule 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.

13. **Extensions and Adjournments**. Please refer to the Court's Civil Case Management Order.

14. **Protective Orders**. Any proposed confidentiality order agreed to by the parties must strictly comply with Rule 26(c), Local Civil Rule 5.3, and applicable case law. Please also refer to the Court's Civil Case Management Order.

15. **Local Rules.** The parties are directed to the Local Civil Rules for any other matter not addressed by this Order or the Court's Civil Case Management Order.

16. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY OTHER ORDERS WILL RESULT IN SANCTIONS.**

17. **Federal Rule of Evidence 502(d).** (i) The production of materials, inadvertent or otherwise, shall not be deemed a waiver of attorney-client privilege or work product protection in this civil action or in any other federal or state proceeding. (ii) Nothing in (i) above shall limit the right of a party or subpoenaed non-party to conduct a

reasonable review of materials for relevance or otherwise in response to a discovery request or requests.

_____
HON. CATHY L. WALDOR
**United States Magistrate Judge**