# RUBIN, KAPLAN & ASSOCIATES

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
200 CENTENNIAL AVENUE
SUITE 110
PISCATAWAY, NJ 08854-3950

(732) 463-7511
FAX: (732) 463-7648
E-MAIL: attys@rkalaw.com
WEBSITE: www.rkalaw.com

December 30, 2021

Via E-filing
Hon. Cathy L. Waldor
Martin Luther King Jr. Courthouse
50 Walnut Street
Room 4040, Courtroom 4C
Newark, New Jersey 07101

Re: Vision Industries v. ACU Plasmold
Case No.: 2:18-cv-06296-ES-CLW

Dear Judge Waldor:

I received this in my emails this morning and felt compelled to bring this to Your Honor's attention. I enclose the email from Mr. Lanterman, the computer expert from CFS, regarding his withdrawal from the case for the reasons stated, among them the multiple ex parte calls. There was an agreement among myself, Mr. Miller and Mr. Lanterman's company that both parties would be on all communications with Mr. Lanterman's company.

Respectfully,

*Evelyn Donegan*
Evelyn A. Donegan

EAD/tmb
Enc.
cc: Edward Miller, Esq., via email, w/enc.
    Mr. Mark Lanterman, via email, w/enc.

**Evelyn Donegan**

| | |
|---|---|
| **From:** | Mark Lanterman <mlanterman@compforensics.com> |
| **Sent:** | Wednesday, December 29, 2021 6:26 PM |
| **To:** | Edward Miller; Michael Cukor; Evelyn Donegan |
| **Cc:** | Nate Dittmar |
| **Subject:** | CFS/Lanterman withdrawal |

Mr. Miller-

I am writing to follow up on our conversation of a few minutes ago.

It has always been my understanding that all communications, whether written or telephonic, were to include opposing counsel. You apparently have operated under a different understanding since you have contacted CFS no fewer than 17 times without opposing counsel's participation or knowledge. On occasion you had your client call CFS and then conference you into the call, commenting that technically you weren't the one calling CFS. You were told we were uncomfortable with this practice but you said it was just a "verbal agreement that didn't extend to conversations with CFS." You and I both know this is not true.

During our conversation today, you told me that you were not going to pay your outstanding invoice despite instructing us to work on your multiple requests well past midnight some evenings. Given your breach of our contract, we are no longer bound by our confidentiality agreement.

On our call today you asked me to share statistics regarding deleted data. When I refused to share my work product without payment, you told me that the judge was going to "ream" you out and you asked if I could "help you out with that information" because your "client isn't an asshole." I told you that opposing counsel should be added to the call. You responded that I had no right contacting the parties and that if I wanted to be paid I should simply sue your client. I have chosen a different course of action.

This email serves as notice of my withdrawal from this litigation.

Mr. Cukor and Ms. Donegan- I will accept your subpoenas or deposition notices via email. I am also agreeable to a phone call with you or the Court to discuss this development. Our case file, including all data, is scheduled to be destroyed on January 4 unless other arrangements are made.


Mark Lanterman
Chief Technology Officer
ComputerForensic Services
800 Hennepin Avenue, 5th Floor
Minneapolis, MN 55403
952-924-9920 office
mlanterman@compforensics.com
www.compforensics.com

1