# Rubin, Kaplan & Associates

A Professional Corporation
Attorneys at Law
200 Centennial Avenue
Suite 110
Piscataway, NJ 08854-3950

(732) 463-7511
Fax: (732) 463-7648
E-Mail: attys@rkalaw.com
Website: www.rkalaw.com

August 3, 2023

Via E-filing
Hon. Cathy L. Waldor
Martin Luther King Jr. Courthouse
50 Walnut Street
Room 4040, Courtroom 4C
Newark, New Jersey 07101

> Re: Vision Industries v. ACU Plasmold
> Case No.: 2:18-cv-06296-ES-CLW

Dear Judge Waldor:

After being in the case for fourteen days, Mr. Frisch requested permission to file a motion for summary judgment without ever calling opposing counsel. Had Mr. Frisch called, we would have pointed out the material factual disputes that make this case one that is not appropriate for summary judgment and therefore the waste of the Court's and litigants' time, summary judgment briefing would be.

Local Civil Rule 56.1 requires:

> On motions for summary judgment, the movant shall furnish a statement which sets forth **material facts as to which there does not exist a genuine issue**, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed.

Mr. Frisch is ACU's seventh lawyer.[1]

Each new ACU lawyer has what he believes is a great idea how to "disrupt" the case. For example, for the last more than six months, instead of mediating the case in good faith, Edward Miller has been talking about filing a claim against Vision for some alleged intellectual property infringement. Those allegations stalled the mediation (twice) but never turned into any pleadings. In additional to not filing the promised pleading, Mr. Miller failed to appear for the most recent telephone conference before Your Honor and has still refused to pay the expert he was required to use with regard to the deleted Quach Financials.[2]

ACU has now hired a new lawyer with a "new idea" for how to disrupt the trial. This case has been pending for over five years and Plaintiff position is that it's time to move it to trial. The issues raised by ACU could have been raised years ago, are not based on new evidence and could not support summary judgment because they relate to a material factual dispute. ACU claims it did not refuse to fulfill any orders to Vision. Vision maintains that ACU did refuse to fulfill the orders and breached the parties'

---

[1] Prior counsel include:
Matthew F. Gately
Mark S. Kaufman, Esq.
Weitao Chen, Esq.
Terry A. Brostowin, Esq.
Yimin Chen, Esq.
Edward W. Miller, Esq.
Avram E. Frisch, Esq.
[2] See attached Exhibit A very recent emails between ACU counsel and Mr. Lanterman.

2

contract. In support of that position, Vision will offer Mr. Liang's testimony, and contemporary documentary supporting evidence including, Mr. Liang's email to ACU of February 7, 2018 stating:

> It has come to our attention that your factory lately had **refused to take an order of 1,500 hinges without any explanation**; when we wanted to order 5,000 sets of casement hardware from you last month, we were immediately given a **HUGE increase without prior notice or explanations**, which made it impossible for us to sell to our customers. **By the contract, you were supposed to give us your best prices of all of your customers.**
>
> In the latest note from your factory in China, obviously under your instruction, we were notified that we can no longer contact them for any questions or orders without any explanations.

ACU 00141

ACU's first lawyers took the deposition of Mr. Liang in 2019 where he testified that ACU breached its agreement with Vision for a number of reasons including that ACU sent an email stating:

> "About your PO from your company, we cannot produce it. In the future please don't send any orders to us on loose orders, small orders, sample orders. In 2015 we had I call Operating Agreement to promote casement hardware. Because of the ordering situation in the past two years from your company, **we have decided not to accept any of the orders mentioned above**"

Liang Dep Pg 107

3

Federal Rule of Civil Procedure 56(a) provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" such that the movant is "entitled to judgment as a matter of law." "A 'genuine' dispute of 'material' fact exists where a reasonable jury's review of the evidence could result in 'a verdict for the non-moving party' or where such fact might otherwise affect the disposition of the litigation." *Ruth v. Selective Ins. Co. of Am.*, No. 15-2616, 2017 WL 592146, at *2 (D.N.J. Feb. 14, 2017) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

<u>Andrews v. Whittaker, Civil Action</u> No. 13-4812 (ES) (MAH), at *3-4 (D.N.J. Dec. 12, 2018)

ACU Plasmold's new counsel does not even suggest in his letter that there are no facts in dispute. To resolve this issue, Judge Salas would need to resolve new counsel's recently raised factual dispute of, did ACU's statements regarding orders, coupled with their refusal to fulfill orders, constitute a breach. There is an issue as to whether any of the calls between Luke Liang, for Vision Industries Group and Alvin Zhou on behalf of ACU Plasmold and its factory, further supported that breach. To do that, complicated factual issues of Alvin's control of both ACU Plasmold and the factory and the requirements for securing new customers, need to be resolved, along with issues of credibility.

Summary Judgment will not save the court or the parties any time. It's a bench trial. All discovery is closed, all expert reports are done and the Court has set a pretrial

4

date. The same issues need to be tried, so doing it all at once is more efficient, so the parties (and the court) can get this case resolved.

Respectfully,

*Evelyn A. Donegan*

Evelyn A. Donegan, Esq.

Michael Cukor, Esq.

Attorneys for Plaintiff
Vision Industries Group, Inc.

EAD/tmb