

**THE LAW OFFICE OF AVRAM E. FRISCH LLC**

**New Jersey Office**
1 University Plaza
Suite 119
Hackensack, NJ 07601

**New York Office**
999 Central Avenue
Suite 100-D
Woodmere, New York 11598

Avram E. Frisch Esq. – Admitted in NY and NJ.  Mail to NJ address.

September 6, 2023

Hon. Cathy L. Waldor
Martin Luther King Jr. Courthouse
50 Walnut Street
Room 4040, Courtroom 4C
Newark, New Jersey 07101

     RE: Vision Industries Group, Inc. v. ACU Plasmold, Inc.
        Case No.: 2:18-cv-06296-ES-CLW

Dear Judge Waldor:

  This letter is written in response to the August 30, 2023 Court Order:

> By 9/8/23, the parties shall advise the Court of their respective positions on the necessity for the continued preservation of data by CFS.

  Defendant's position on whether or not there is a need for the "continued preservation of data by CFS," is that the preservation of the data in the possession of CFS is unnecessary since it is inadmissible at trial on two separate basis.

  Firstly, the data relates to an alleged breach of the exclusivity clause in the Exclusive Distribution which was never mentioned or in any fashion alluded to, in the complaint.[1]

  Secondly, Mr. Lanterman's February 1, 2023 letter submitted to the court makes perfectly clear that CFS recovered virtually all of the erased material, including all the Quickbooks records in which the company kept its records of sales: "CFS was successful in

---

[1] The factual allegations of breach of contract were limited to the following: (1) that "there was no satisfactory response from defendant as to when the plaintiff would provide the products, (2) that "Defendant refused to sell the products to plaintiff," (3) that, "Defendant increased the prices of some products without notice," and, (4) In bad faith, "defendant has made demands that plaintiff pay for portions of defendant's own product testing and there is no requirement under the Distributor Agreement for plaintiff to do so." [Doc No. 1, Complaint, pgs. 5, ¶¶ 14, 19, 20, 29-33].

bypassing QuickBooks' security features and was able to access the financial information." [Dkt. 166, pg. 2]. Yet, Plaintiff was able to find only a single document which it identified as a "wild inconsistency… showing $2.8 M in sales." [Dkt. 147, Plaintiff's November 22, 2021 letter, at page 3]. But that document was obviously for the total sales of the company for the fifteen years of its existence as explained in Dkt. 149.

      Plaintiff demands, as a condition of its agreement for Mr. Lanterman to destroy the data, for Defendant to agree not to object on any basis to the admission of the data as evidence. That Defendant cannot do: (1) the data is irrelevant to the causes of action and the facts pled in the complaint; and, (2) the data does not provide any proof that Defendant was underreporting U.S. sales and, (thanks to Mr. Lanterman's "successful [in] bypassing QuickBooks' security features and was able to access the financial information") proves just the opposite, i.e. that ACU accurately reported its sales in the documents it produced in discovery. If both parties were to receive a complete copy of the data, we would not object on authenticity grounds, but would reserve all other potential objections to its admissibility, otherwise, Defendant cannot consent to CFS destroying the data.

      Defendant believes, that the most logical thing to do at this point, would be for the court to hear a motion in limine promptly at this time to determine whether or not the data CFS is preserving is at all admissible evidence.

                                                  Respectfully,

                                                  /s/ Avram E. Frisch

                                                  /s/ Edward W. Miller

                                                  Attorneys for Defendant