

Michael Cukor

**McGeary Cukor LLC**
150 Morristown Road
Bernardsville, NJ 07924
Direct: (973) 339-7367 Fax: (973) 200-4845
mcukor@mcgearycukor.com

December 7, 2023

Hon. Cathy L. Waldor
Martin Luther King Jr. Courthouse
50 Walnut Street
Room 4040, Courtroom 4C
Newark, New Jersey 07101

  RE:  **Vision Industries Group, Inc. v. ACU Plasmold, Inc.**
      **Case No.:  2:18-cv-06296-ES-CLW**

Dear Judge Waldor:

We represent Plaintiff Vision Industries Group, Inc. ("Vision") in the above captioned matter and in advance of our rescheduled pretrial conference later today.

On July 11, 2023, the Court Ordered the parties to submit the joint final pretrial order by November 7, 2023.  Dkt. 195.

Since then, Defendant ACU, fired and hired new counsel (Dkt. 196), attempted to file an out of time summary judgment motion (Dkt. 198) and unsuccessfully argued for the destruction of the Quach imaged data (Dkt. 206).  ACU has also requested and received three extensions to prepare its portion of the joint final pretrial order. (Dkts. 214, 216, and 220).

What ACU has not done is provide Vision with any specific objections to its proposed exhibits list or provide Vision (or the Court) with an ACU proposed exbibit list.

Last night, ACU filed a revised proposed pretrial order.  It still does not have an exhibit list.  It does have a long list of proposed contested facts that appear to be an attempt to add evidence that was never produced during discovery, and theories that were never plead or articulated while discovery was open.

Vision understands that ACU may disagree about the terms of the operative agreement in this case, the Exclusive Distribution Agreement, but ACU seems to be making completely new arguments about intellectual property theft, patents, and copyright infringement.  See e.g. paragraphs 6 and 32-42 of Defendant's Contested Facts section. Dkt. 221 Pgs 19-26.  These portions of the document contain references to documents that were not produced, images from patents that seem to have nothing to do with the case, and baffling website printouts of different schematics that supposedly show similarity between two images.  None of this was produced during discovery, and none of it was plead in this case. Dkt. 175.  As the Court will recall, ACU attempted to reopen discovery in June of 2022 to explore these new theories of defenses.  That motion was

McGeary Cukor LLC                                                  Honorable Cathy L. Waldor
                                                                         December 07, 2023
                                                                                    Page 2

denied. Dkt 183. Since then, ACU stated that it was not interested in meaningful settlement because it was exploring filing a new action against Vision for various intellectual property thefts. ACU has not filed any new action but has now attempted to plead new actions into the pretrial order. Vision objects.

In the 38 paragraphs of the Stipulations of Facts section of the pretrial order, the parties agree that Vision and ACU entered into an Exclusive Distribution Agreement, that there was some performance under the contract, and that the parties came to an impasse. Vision has consistently alleged breach and damages. The parties exchanged expert reports and conducted depositions on those subjects two years ago. There were never any expert reports or discovery or pleadings about any of the new theories alleged in the proposed pretrial ACU filed last night.

At the conference today, Vision will request the following.

1. The case be scheduled for trial;
2. Since ACU failed to provide comments or objections to Vision's proposed exhibit list, the list will be entered as without objection;
3. ACU is precluded from introducing at trial any document that was not produced during discovery;
4. ACU is precluded from making arguments at trial that were not plead; and,
5. that since despite three extensions and repeated warnings from the Court, ACU did not provide Vision or the Court with an actual exhibit list, ACU is precluded from introducing exhibits at trial other than those identified by Bates Number in the Stipulations of Facts section of the pretrial order.

                                                        Respectfully,

                                                        Michael Cukor

cc: Counsel of record via ECF