

ABRAHAM J. ZAGER (1941-1999)
LAWRENCE M. FUCHS (1970-2020)
ANDREW W. KRANTZ
MICHAEL T. WARSHAW*
KEVIN I. ASADI
LYNN E. STAUFENBERG**I
JASON L. WYATT♦

ARTHUR L. CHIANESE, OF COUNSEL
SUSAN L. GOLDRING, OF COUNSEL
ALBERT A. ZAGER, OF COUNSEL

*ADMITTED TO THE NEW YORK BAR
CERTIFIED AS ARBITRATOR AND MEDIATOR, R.1:40

**ADMITTED TO THE PENNSYLVANIA BAR
QUALIFIED FAMILY LAW MEDIATOR
REGISTERED GUARDIAN

♦ LL.M. IN TAXATION

March 11, 2025

Michael Cukor, Esq.
McGeary Cukor, LLC
150 Morristown Road
Suite 205
Bernardsville, NJ 07924

Evelyn A. Donegan, Esq.
Rubin, Kaplan & Associates, P.C.
200 Centennial Avenue
Suite 110
Piscataway, NJ 08854-3950

RE:  Vision Industries v. ACU Plasmold
     Case No. 2:18-cv-6296

Dear Mr. Cukor and Ms. Donegan:

As you know, there is presently an outstanding motion for sanctions (filed by you on behalf of Plaintiff against Defendant) which has not yet been ruled upon. In support of that motion you submitted a declaration from Mark Lanterman (Doc No. 259-1). That declaration includes more than one verifiable misstatement.

For example, in his declaration Mr. Lanterman swears, "I completed my post graduate work in cybersecurity at Harvard University." Doc No. 259-1, at ¶ 5, p.2. In his testimony in a May 02, 2017 deposition in Lanterman v. Stillman (Fourth Judicial District

Michael Cukor, Esq.
Evelyn A. Donegan, Esq.
March 11, 2025
Page 2

---

Court, Minnesota) at p. 5 (of 162), Mr. Lanterman testified: "Q. Have you completed any education after college, formal education for a degree? A. Certifications but not additional degrees." In fact, Mr. Lanterman's had no courses at Harvard; he took a single "Online short course" administered through *GetSmarter*® in April of 2018. The program awards a digital certificate, is worth no college credit, and there are no undergraduate prerequisites. Registrants are advised, 'As a Harvard Online participant . . . you will not be considered a Harvard student. When you earn your certificate or credential, you will not be considered a Harvard alum,' and that it should be cited on résumés, including LinkedIn, as 'Certificate Programs,' and 'Harvard Online.'"

Mr. Lanterman is a complete fraud and any real accomplishments on his resume were a direct result of the false information he has been touting for years. But you know all of this since you received the same information which we received.

Plaintiff submitted the declaration; it is Plaintiff's duty to inform the court of any false information submitted to the court under oath. As you advised my predecessor in an email to our local counsel on January 26, 2024:

> The above representations to the Court appear to be false and, if so, as an officer of the Court, you have an obligation to correct them.
>
> "(a) A lawyer shall not knowingly: (4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures" N.J. Ct. R. app 3 R. 3.3
>
> The Third Circuit has stated that "a party [and its counsel] acts in good faith where it acts with reasonable haste to investigate the problem and to take available steps toward remedy." Kohl's Dep't Stores, 121 Fed. Appx. at 976.

Michael Cukor, Esq.
Evelyn A. Donegan, Esq.
March 11, 2025
Page 3

---

Please confirm that you are available for a meet and confer about the above at 2:00 today (or anytime thereafter).

Please be prepared to explain the apparent inconsistency or how you intend to proceed.

When you confirm your availability, I will send a dial in number for the call.

I look forward to resolving this issue with you without further escalation.

[From: Michael Cukor <mcukor@mcgearycukor.com>
Date: Fri., Jan 26, 2024 at 10:47 A.M.
Subject: Fwd: Opposition to motion to Sanctions]

That rule applies to all lawyers practicing law in New Jersey. It seems to be your habit to point out other lawyers' perceived transgressions and to excuse your own. Such behavior is not only unprofessional; it is unethical. RPC 3.3(a)(1), (2), (4), (5) and (b) and © requires it. The rule states:

> **RPC 3.3 Candor Toward the Tribunal**
> (a) A lawyer shall not knowingly:
> (1) make a false statement of material fact or law to a tribunal;
> (2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting an illegal, criminal or fraudulent act by the client;
> * * *
> (4) Offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures; or
> (5) fail to disclose to the tribunal a material fact knowing that the omission is reasonably certain to mislead the tribunal, except that it shall not be a breach of this rule if the disclosure is protected by a recognized privilege or is otherwise prohibited by law.
> (b) The duties stated in paragraph (a) continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by RPC 1.6.

As was noted by Justice, LaVecchia: "[a] misrepresentation to a tribunal 'is a most serious breach of ethics because it affects directly the administration of justice.'"

Michael Cukor, Esq.
Evelyn A. Donegan, Esq.
March 11, 2025
Page 4

_____

Kosmowski v. Atlantic City Med. Ctr., 175 N.J. 568, 577 (2003).  As noted by a leading commentator, RPC 3.3(a) applies to issues of not only substantive aspects of the case, but to procedural and case management aspects as well.  Michels & Hockenjos, New Jersey Attorney Ethics, §30:2-2(b) at 500 (GANN, 2025).

     This will be your last chance to do the right thing.  If you have not informed the court by the end of business on March 11, 2024, we will be forced to do your job for you.  Thank you for your attention to this issue.

Very truly yours,

/s/ *Michael T. Warshaw*

Michael T. Warshaw

MTW:kp

cc:    Edward Miller, Esq.