

ABRAHAM J. ZAGER (1941-1999)
LAWRENCE M. FUCHS (1970-2020)
ANDREW W. KRANTZ
MICHAEL T. WARSHAW*
KEVIN I. ASADI
LYNN E. STAUFENBERG**I
JASON L. WYATT♦

ARTHUR L. CHIANESE, OF COUNSEL
SUSAN L. GOLDRING, OF COUNSEL
ALBERT A. ZAGER, OF COUNSEL

*ADMITTED TO THE NEW YORK BAR
CERTIFIED AS ARBITRATOR AND MEDIATOR, R.1:40

**ADMITTED TO THE PENNSYLVANIA BAR
QUALIFIED FAMILY LAW MEDIATOR
REGISTERED GUARDIAN

♦ LL.M. IN TAXATION

March 12, 2025

Honorable Cathy L. Waldor, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NewJersey07102

Re:    **Vision Industries Group, Inc. v. ACU Plasmold, Inc.**
       **Case No. 2:18-cv-06296 JKS-CLW**

Dear Judge Waldor:

As the Court knows, this firm is local-counsel for Defendant ACU Plasmold Inc. ("ACU") and Edward Miller, Esq. is trial counsel, pro hac vice.  This letter is submitted to inform the Court that Plaintiff's expert, Mark Lanterman, has made verifiably false statements under oath in this case.  This letter is also submitted in response to the letter filed yesterday by Plaintiff's Counsel.   It is noteworthy that while Mr. Lanterman may have started as a neutral expert, albeit one selected by Plaintiff, he ultimately ended up as Plaintiff's expert.[1]

Defense counsel's original letter to Plaintiff's counsel was intended to alert a fellow lawyer of a problem with a witness that he used in a still pending motion for sanctions, where evidence of the witness's credibility issues was extensive.  Rather than take that

---

[1] Mr. Lanterman was furious at Defendant's counsel for not paying his "storage fees."   As a result, in a December 29, 2021 email to Defendants counsel copied to Plaintiff's counsel Mr. Lanterman wrote:
> This email serves as notice of my withdrawal from this litigation.
>  Mr. Cukor and Ms. Donegan- I will accept your subpoenas or deposition notices via email.  I am also agreeable to a phone call with you or the Court to discuss this development.  Our case file, including all data, is scheduled to be destroyed on January 4 unless other arrangements are made.

Immediately after that, Mr. Lanterman was hired by Plaintiff as his expert.

Honorable Cathy L. Waldor, U.S.M.J.
March 12, 2025
Page 2

---

information seriously, he dismisses it as "criticism."(Doc 294 at 1).  I would respectfully suggest that demonstrably false statements in documents sworn to by a witness and submitted to a court is not "criticism."

Mr. Miller originally sent an email to Plaintiff's counsel on March 7, 2025 requesting that he confirm the accuracy of the résumé that Mr. Lanterman has proffered.  This was as a result of an email all counsel received (including Plaintiff's counsel) on March 7, 2025, alerting us to the issues with Mr. Lanterman.  Plaintiff's counsel, in response to Mr. Miller's email, sent a letter on March 10, 2025 (ex. 1) dismissing the issue.  It was as a result of that apparent indifference to the untruthfulness of his expert that Defense counsel's letter of March 11 was sent. (Doc 294-1)

While that letter highlighted one instance of the misrepresentation, the Court should be aware of the multiple factual assertions in his résumé that are either untrue or unable to be verified.

Even were there only a single misrepresentation in his résumé, the statement that he has a graduate degree in computer forensics from Harvard, when in fact he never took even a single course there is a big deal; it is not merely a "criticism."  What Mr. Lanterman took was a single "Online short course" administered through *GetSmarter*© in April of 2018.  The program awarded a digital certificate, is worth no college credit, and there are no undergraduate prerequisites.  Registrants are advised:

> "As a Harvard Online participant . . . you will not be considered a Harvard student.  When you earn your certificate or credential, you will not be considered an Harvard alum,"

and that it should be cited on résumés, including LinkedIn, as a "Certificate Program," and "Harvard Online."

Mr. Lanterman's résumé seems to be riddled with false statements; he has been unable to produce a diploma from any undergraduate college or university and there is good reason to believe that Mr. Lanterman is not a college graduate at all.  And his lack of credibility owing to his lies is not a recent phenomenon.  The attached decision by the District Court of Minnesota for the Fourth Judicial District in the County of Hennepin, in the 2014 case of <u>Mark Lanterman and Computer Forensic Services v. Michael Roman Afremov</u>, Court File No. 27-CV-12-22089, the Honorable Philip D. Bush found that "as with much of Lanterman's testimony, his testimony on that point is not credible." (Ex. 2, ¶ 54, p. 11).  That court also noted that Mr. Lanterman had lied in a federal court proceeding:

> Paragraph 91: "In a federal court proceeding regarding the disputed invoices, Lanterman testified to a federal Magistrate Judge that he had 11 people working on the Afremov project.  It has since been established that only three people were working on the Afremov project."

Honorable Cathy L. Waldor, U.S.M.J.
March 12, 2025
Page 3

_____

> Paragraph 92: "In that same proceeding, Lanterman testified unequivocally that, as of June 15, 2007, 1,500 hours of human time had been spent on the Afremov project.    Lanterman would have no basis for making that representation insofar as the time records were destroyed."

The issue of Mr. Lanterman's lack of truthfulness becomes even more consequential in the context of the decision of this Court on the issue of sanctions.  Mr. Lanterman inserted into the record a litany of vicious lies against Defendant's counsel Miller, most in the "Miller said" format, including: (1) Miller said that he told Mr. Quach to erase his hard drives; (2) Miller told Computer Forensic Services to write that all the data had been recovered; and, (3) Miller said "the court could go f' itself."  The method for getting this libelous poison into the docket was Mr. Lanterman copying Plaintiff's counsel on emails to Defendant's counsel, knowing that Plaintiff's counsel would dutifully file the email on the docket. (See Doc Nos. 153 Ex. A, 157 Ex. A, and 166).  Mr. Lanterman even participated in a Court conference on February 25, 2022, at which he continued to do everything possible to discredit Defendant's counsel. (Doc Nos. 158 – 160).

These lies were then parroted by Plaintiff's counsel in their briefs, which relied heavily upon Mr. Lanterman's not under oath statements and First Declaration (Doc No. 147; Plaintiff neatly ignores its heavy reliance on Lanterman's First Declaration).

It is sad that Mr. Cukor views all of this as, "it's (Defendant's) criticism of an expert in this case, Mark Lanterman." (Doc No. 294, at 1).  It is sad for two reasons.  By characterizing it as "it's criticism," Plaintiff is dissociating itself from that criticism indicating that it is neutral on the matter.  Even more damningly, characterizing it as a "criticism" indicates that it is a subjective matter.   There is nothing subjective here: Mr. Lanterman swore in a declaration that he had completed postgraduate studies at Harvard and admitted in a deposition that he had no postgraduate education.[2]

Yesterday, after Plaintiff had sat on this information for 5 days, Defendant sent Plaintiff a letter (Doc. 294-1) concluding: "this will be your last chance to do the right thing.  If you have not informed the court by the end of business on March 11, 2024, we will be forced to do your job for you."

_____

[2]  Mr. Cukor also tells us that the source of the information is a "competitor" of Mr. Lanterman's: "Apparently, a competitor of Mr. Lanterman has emailed every attorney on the docket and alleged that Mr. Lanterman is a fraud." (Doc No. 294, at 1).  Why is Mr. Cukor attacking the motives of the person who brought the information to light – the information is uncontestable, both under oath statements came from Mr. Lanterman.

Honorable Cathy L. Waldor, U.S.M.J.
March 12, 2025
Page 4

Mr. Lanterman was Plaintiff's expert; he was highly aggressive against Defendant. This is fraud on the court. It is a crime for which people can be sent to prison. It invalidates everything that came out of Mr. Landerman's mouth in this case. Given the issues in this case, it is respectfully requested that the Court refer this matter to the United States Attorney for prosecution.

Further, Defendant requests this court to order Plaintiff to report to the Court every single misstatement in Mr. Lanterman's declarations, and résumé, and to then consider sanctions against Mr. Lanterman for committing perjury, and against Plaintiff's attorneys for refusing to report it to the court. Needless to say, all of Mr. Lanterman's testimony should be disregarded and the motion for sanctions against defendants based upon his testimony should be denied.

Respectfully submitted,

Michael T. Warshaw                    /S/Edward Miller

                                      Edward Miller

MTW:kp
cc:    counsel of record via ECF