UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| ALLIANCE LAUNDRY SYSTEMS LLC,<br><br>Plaintiff,<br><br>v.<br><br>TRUDY ADAMS, JOHN "CLAY" WILLIAMS and AUTARKIC HOLDINGS, INC. D/B/A LAUNDRYLUX,<br><br>Defendants. | Case No. 23-cv-22130 (MCR) |
| TRUDY ADAMS, JOHN "CLAY" WILLIAMS,<br><br>Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>ALLIANCE LAUNDRY SYSTEMS LLC,<br><br>Plaintiff/Counterclaim Defendant/ Third Party Defendant. | **DECLARATION OF DAVID WATNICK IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE EXPERT DECLARATION OF MARK LANTERMAN AND EXCLUDE LANTERMAN'S TESTIMONY** |

I, David Watnick, an attorney duly admitted to practice in the State of Oregon and *pro hac vice* in the District Court for the Northern District of Florida, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a counsel at the firm Perkins Coie LLP, counsel for Defendant Autarkic Holdings, Inc. d/b/a Laundrylux ("Laundrylux") in the above-captioned

1

matter. I am familiar with the facts and circumstances of this action. I make this declaration in support of Laundrylux's Motion to Strike Expert Declaration of Mark Lanterman and Exclude Lanterman's Testimony.

2. In support of Laundrylux's Motion to Strike the Expert Declaration of Mark Lanterman and Exclude Lanterman's Testimony, annexed hereto are true and correct copies of the exhibits identified therein.

3. Attached as **Exhibit 1** is the sworn Expert Declaration of Mark Lanterman, disclosed on June 21, 2024. On the afternoon of March 14, 2025, Alliance designated certain materials reflected in Exhibit 1 as "Highly Confidential – Attorneys' Eyes Only." Those materials have been redacted and withheld from the publicly filed copy of Exhibit 1; an unredacted copy of the exhibit will be submitted under seal. Laundrylux reserves the right to challenge Alliance's designations.

4. Attached as **Exhibit 2** is the sworn Amended Expert Declaration of Mark Lanterman, disclosed on January 10, 2025. On the afternoon of March 14, 2025, Alliance designated certain materials reflected in Exhibit 2 as "Highly Confidential – Attorneys' Eyes Only." Those materials have been redacted and withheld from the publicly filed copy of Exhibit 2; an unredacted copy of the exhibit will be submitted under seal. Laundrylux reserves the right to challenge Alliance's designations.

5. Attached as **Exhibit 3** are relevant excerpts of the transcribed videotaped sworn Deposition of Mark Lanterman, taken on February 11, 2025, via Zoom. Plaintiff Alliance has designated the entire deposition transcript "CONFIDENTIAL" under the Protective Order on file in this matter, Dkt. 33. Accordingly, Laundrylux is filing the transcript excerpts under seal, filing its Motion to Strike under seal, and redacting quotations of the transcript from the publicly filed copy of its Motion. Laundrylux disagrees that any portion of the transcript merits "CONFIDENTIAL" designation or sealing and intends to challenge Alliance's designations and/or oppose any motion by Alliance to keep the transcript under seal.

6. Attached as **Exhibit 4** are Alliance's Reponses to Laundrylux's Request for Production of Documents, dated January 27, 2025.

7. Attached as **Exhibit 5** is an article from the *New York Times* regarding Upsala College, titled *After a Century, Upsala Will Close Without Cash Rescue*, dated March 3, 1995.

8. Attached as **Exhibit 6** is an article from the *New York Times* regarding Upsala College, titled *In Brief; The Doors Are Closed At Upsala College*, dated June 4, 1995.

9. Attached as **Exhibit 7** is the Felician University webpage regarding Upsala College Transcripts, available at https://felician.edu/academics/office-of-the-registrar/upsala-transcripts/.

10. Attached as **Exhibit 8** is an email chain ending January 16, 2025, between the Felician University's registrar's office to Perkins Coie LLP regarding a request for Mark Lanterman purported college transcripts.

11. Attached as **Exhibit 9** is a February 15, 2006, article from the *Minneapolis Star Tribune* titled *Electronic sleuth turns spicy bytes into business feast; A tech-savvy former police officer's firm specializes in gathering electronic data for evidence in court cases*.

12. Attached as **Exhibit 10** is a copy of Upsala University's 1987 Upsalite yearbook, accessed and copied by Perkins Coie LLP staff at the East Orange Public Library located in East Orange, New Jersey.

13. Attached as **Exhibit 11** is a copy of Upsala University's 1988 Upsalite yearbook, accessed and copied by Perkins Coie LLP staff at the East Orange Public Library located in East Orange, New Jersey.

14. Attached as **Exhibit 12** is a copy of Upsala University's 1989 Upsalite yearbook, accessed and copied by Perkins Coie LLP staff at the East Orange Public Library located in East Orange, New Jersey.

15. Attached as **Exhibit 13** is a copy of Upsala University's 1990 Upsalite yearbook, accessed and copied by Perkins Coie LLP staff at the East Orange Public Library located in East Orange, New Jersey.

16. Attached as **Exhibit 14** is Upsala University's commencement program for the academic year ending in 1987, provided to Perkins Coie LLP library staff by the archivist at the Swenson Swedish Immigration Research Center at Augustana College in Rock Island, Illinois, where the program and other Upsala records are preserved.

17. Attached as **Exhibit 15** is Upsala University's commencement program for the academic year ending in 1988, provided to Perkins Coie LLP library staff by the archivist at the Swenson Swedish Immigration Research Center at Augustana College in Rock Island, Illinois, where the program and other Upsala records are preserved.

18. Attached as **Exhibit 16** is Upsala University's commencement program for the academic year ending in 1989, provided to Perkins Coie LLP library staff by the archivist at the Swenson Swedish Immigration Research Center at Augustana College in Rock Island, Illinois, where the program and other Upsala records are preserved.

19. Attached as **Exhibit 17** is Upsala University's commencement program for the academic year ending in 1990, provided to Perkins Coie LLP library staff by the archivist at the Swenson Swedish Immigration Research Center at Augustana College in Rock Island, Illinois, where the program and other Upsala records are preserved

5

20. Attached as **Exhibit 18** are relevant excerpts of the University of Minnesota 1985-1986 Student-Staff Directory, available at the University of Minnesota website at https://conservancy.umn.edu/items/e9d2b595-1b72-44fe-a2ba-eefcdbe3db5f.

21. Attached as **Exhibit 19** are relevant excerpts of Lanterman's transcribed sworn May 2, 2017, deposition testimony in the matter of *Lanterman v. Stillman, Minnesota Department of Human Services*, Civil File No. 27-CV-16-10860, Minn. 4th Jud. Dist. Ct.

22. Attached as **Exhibit 20** is an email chain ending February 13, 2025, between Lanterman and Michael Pitkow, Chief of the Springfield Township, Pennsylvania Police Department.

23. Attached as **Exhibit 21** is an email chain ending on February 28, 2025, between Lanterman and Chief Pitkow.

24. I spoke by phone with Chief Pitkow on February 27 and February 28, 2025. During those calls, he relayed to me that Lanterman visited the Springfield Township, Pennsylvania Police Department on February 14, 2025, requesting to see Lanterman's personnel file from the time he worked as an officer in the department. According to Pitkow, Lanterman claimed to have a grave heart condition, and was instructed by his physician to "get [his] affairs in order." Lanterman further stated that he was therefore eager to show his family information about his early career in

6

law enforcement, and asked if he could take the file with him because he needed to catch a flight back to Minnesota. Lanterman left the department with his file and promised to return it.

25. I spoke with Chief Pitkow again on March 12, 2025. He told me that, although he had been requesting Lanterman return his file to the Police Department since February 27, 2025, he had not received any returned file.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 14, 2025

*/s/ David Watnick*
David Watnick (admitted pro hac vice)
DWatnick@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000

*Attorney for Defendant Autarkic Holdings, Inc. d/b/a Laundrylux*