

Michael Cukor

**McGeary Cukor LLC**
150 Morristown Rd.
Suite 205
Bernardsville, New Jersey 07926
Direct: (973) 339-7367 Fax: (973) 200-4845
mcukor@mcgearycukor.com

March 20, 2025

Hon. Cathy L. Waldor
Martin Luther King Jr. Courthouse
50 Walnut Street
Room 4040, Courtroom 4C
Newark, New Jersey 07101

RE:  Vision Industries Group, Inc. v. ACU Plasmold, Inc.
Case No.:  2:18-cv-06296-ES-CLW

Dear Judge Waldor:

Together with Evelyn Donegan, we represent Plaintiff Vision Industries Group, Inc. ("Vision") in the above captioned matter and write to ask for relief from Your Honor's March 19, 2025 Order requiring the parties to meet in person to "generate a joint statement of the case as ordered by the District Judge".  DE 300.  Vision's counsel and principal are unavailable and Mr. Miller is acting unreasonably.

On November 8, 2024, Juge Semper Ordered the parties to submit a joint statement of the case by March 31, 2024.

Judge Semper's Civil Jury Trial Preferences specifically provide for the possibility of not complete agreement by the parties and state:

> If the parties disagree as to the contents of any of the joint submissions, such disagreements must be memorialized in the submission via track changes or highlighting.

The parties have completed the attached joint statement of the case but Mr. Miller refuses to allow Vision to file it unless Vision removes its track changes comments noting its disagreement with certain paragraphs.  Mr. Miller insists that Vision agree to every fact he alleges or he will not consent to filing the document.

Mr. Miller drafted the entirety of the attached joint statement of the case.   Vision included a caption and the four track changes comments in the margin.  Mr. Miller has no additions or revisions he wants to make to the joint statement of the case.  Nevertheless, he objects to its submission unless Vision consents to ACU's recitation of the facts.

Vision noted its disagreement with these facts because, in its view, the disputed facts and evidence were not produced during discovery and are not relevant to the case. For example, Vision contends that ACU's references to Vision's patent portfolio are

McGeary Cukor LLC  
Honorable Cathy L. Waldor  
March 20, 2025  
Page 2

irrelevant, and that ACU references certified translations that were not produced before the deadline for exchanging such documents.

Vision requests this relief because ACU is using Your Honor's Order to force Vision to agree to facts that ACU cannot prove at trial.

The attached joint statement of the case and attached email correspondence show that the parties have "generate[d] a joint statement of the case as ordered by the District Judge." DE 300.

Based on the above, Vision asks for relief from the requirement to bring counsel and parties to court on Monday, and requests permission to file the attached Joint Statement of the Case.

In addition to the above, the undersigned is out of state next week and Ms. Donegan and Mr. Liang will be in state court for a trial that is anticipated to last through Wednesday. Ms. Donegan reports that the case has been called in with a priority to start Monday with jury selection and with two interpreters hired for Tuesday and Wednesday. The case had been called in for trial previously, but was adjourned by the court for lack of interpreters. Ms. Donegan has been assured that her case will be a priority and the interpreters have been arranged. This case is for Mr. Liang in a matter where Vision Industries is not a party. It is Ms. Donegan's understanding that no adjournments will be considered in that matter.

If the Court requires the parties and counsel to attend Court in person next week, Vision respectfully requests that such attendance begin on Thursday morning.

Respectfully,

Michael Cukor

cc: Counsel of record via ECF