Michael Cukor, Esq.
**McGeary Cukor LLC**
150 Morristown Road
Bernardsville, NJ 07924

Evelyn A. Donegan, Esq.
**Rubin, Kaplan and Associates**
20 Centennial Ave
Piscataway, NJ 08854
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| VISION INDUSTRIES GROUP, INC., : <br> : <br> Plaintiff, : <br> : <br> v, : <br> : <br> ACU PLASMOLD, INC., : <br> and ABC COMPANIES 1-10, : <br> and XYZ CORPORATIONS 1-10, : <br> : <br> Defendants. : | Case No. **2:18-cv-06296** |

---

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... II

I. INTRODUCTION ............................................................................................................. 1

II. FACTUAL BACKGROUND ........................................................................................... 1

III. ARGUMENT ..................................................................................................................... 2

   A. ACU'S MIL 1 TO EXCLUDE EVIDENCE OF ITS REFUSAL TO FILL ORDERS SHOULD BE DENIED ................................................................................................................................. 2

   B. ACU'S MIL 2 TO EXCLUDE EVIDENCE OF LOST FUTURE SALES TO "THE SEVEN CUSTOMERS" SHOULD BE DENIED. ......................................................................................... 3

   C. ACU'S MIL 3 TO EXCLUDE EVIDENCE OF DEFENDANT'S EXTORTION SHOULD BE DENIED.. 4

   D. ACU'S MIL 4 TO EXCLUDE EVIDENCE OF ACU VIOLATING THE EXCLUSIVITY PROVISION SHOULD BE DENIED. ................................................................................................................ 7

III. CONCLUSION ................................................................................................................ 10

## TABLE OF AUTHORITIES

<u>Cases</u>

*Basista v. Weir*, 340 F.2d 74, 85 (3d Cir. 1965) .......................................................................... 3, 9

*Cosimano v. Twp. of Union, Civil Action No*. 10-5710 (JLL) (JAD), at *6-7 (D.N.J. Dec. 30, 2016) ........................................................................................................................................ 10

*Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007) ................................................ 3, 9

*U.S. v. Provenzano* 620 F.2d 985 (3rd Cir. 1980) ............................................................................ 6

<u>Rules</u>

Fed. R Civ. P. 16 ............................................................................................................................. 3

Fed. R. Civ. P. 15(b)(1) ................................................................................................................ 10

Fed. R. Evid. 401 ........................................................................................................................ 2, 4

Fed. R. Evid. 402 ............................................................................................................................ 2

Fed. R. Evid. 609 ............................................................................................................................ 6

## I. INTRODUCTION

Vision submits this omnibus opposition to Defendant ACU's Motions in Limine 1-5 ("MILs")[1]. ACU's motions should be denied on both procedural and substantive grounds. ACU's MILs seek to exclude evidence of breach of the contract at issue, damages from that breach and ACU's principal's attempted extortion of Vision for a settlement of this action. But ACU does not argue that the court should exclude evidence of the breach or evidence of damages based on a rule of evidence. The Federal Rules of Evidence are not mentioned in ACU's briefs. Instead, ACU argues that the evidence should be excluded, because ACU should prevail on the merits based on substantive contract law. The Court already denied ACU's request to file a motion addressed to the merits, and all Vision's claims are set to be tried. DE 288. Since ACU's MILs provide no evidentiary basis to exclude the identified evidence, the Court should deny them.

## II. FACTUAL BACKGROUND

Plaintiff Vision is a New Jersey Corporation, headquartered in New Jersey and is one of the largest vendors of window and door hardware in the United States. Stipulated Fact ("SF") 1,6.[2] Defendant ACU is a Canadian distributor of window hardware. SF 8. Vision and ACU entered into an Exclusive Distribution Agreement dated November 2015 ("Exclusive Distribution Agreement"). SF 26.

After investing in building a market for ACU's products, Vision placed several orders with ACU, but ACU refused to fill the orders. SF 29-36. ACU also sold into Vision's exclusive market during the period of exclusivity. Vision filed this action to recover damages for ACU's

---

[1] The Court directed Plaintiff to submit a Trial Brief as well in the conference of April 2, 2025. Plaintiff will address Defendant's Trial Brief arguments there.

[2] Stipulated Facts refer to the joint stipulated facts section of the Final Pretrial Order DE 246.

1

breach of contract and breach of its covenant of good faith and fair dealing. (Dkt 1). Vision's damages include:

1. The costs Vision incurred in building the market that were lost when ACU failed to deliver products, and
2. The lost sales Vision would have made from several customers that had verbally committed to purchases from Vision, and
3. ACU's sales directly into the U.S. in competition with Vision.

Throughout the case, ACU flouted discovery Orders, spoliated evidence, and tried to blackmail Vision to settle the case. This Court sanctioned ACU for its discovery abuses. DE 266. And ACU's attempted extortion resulted in the conviction and jailing of ACU's factory manager in China, the freezing of ACU's assets in China, and further criminal investigations. Dkt. 109-2.

### III.     ARGUMENT

Relevant evidence is admissible at trial of an action unless otherwise excluded by law or rule. See, Fed. R. Evid. 402. "Evidence is relevant if: **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and **(b)** the fact is of consequence in determining the action." Fed. R. Evid. 401.

#### A. <u>ACU's MIL 1 to Exclude Evidence of Its Refusal to Fill Orders Should be Denied</u>

MIL 1 argues that evidence showing ACU refused to fill Vision's orders should be excluded, because, in its view, ACU had the unilateral right to refuse orders under the agreement. Vision contends ACU had no such right. ACU's motion confuses an issue of substantive contract law with admissibility of evidence and should be denied.

This is a breach of contract trial. Vision contends ACU breached the contract and breached the implied covenant of good faith and fair dealing by, inter alia, failing to fulfill Vision's orders.

Evidence establishing that ACU, in fact, failed to fill orders is directly relevant to Vision's claims. Fed. R. Evid. 401. Regardless of ACU's own theories of contract interpretation, ACU's MIL must be denied since the evidence is relevant to Vision's claims and ACU cites no evidence rule for excluding it.

ACU has another problem. Its motion depends on an issue of contract interpretation that it failed to preserve in the Final Pretrial Order. ACU waived the legal argument it makes in MIL 1. The Court entered a Final Pretrial Order on March 13, 2024. DE 246. The Order provides that each party identify all factual and legal issues that are at issue at trial and that "any issues not listed shall be deemed waived." Id. at Pg. 39. Section 4.2 of the Exclusive Distribution Agreement, which ACU cites for its position on contract interpretation, was not mentioned in the Final Pretrial.

More broadly, the pretrial order does not contain any section where ACU alleges that it had the unilateral right to refuse any or all orders.[3] The issue is not even mentioned in ACU's contemplated motions in limine section. It has long been settled that the final pretrial order "limits the issues for trial and in substance takes the place of pleadings." *Basista v. Weir*, 340 F.2d 74, 85 (3d Cir. 1965); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007); Fed. R Civ. P. 16. In this case, ACU waived the argument that the agreement provided it a unilateral right to refuse orders. ACU's last minute theory prejudices Vision and is another attempt "to obstruct the judicial process and delay adjudication on the merits for as long as possible." DE 265 at 9[4].

    B. <u>ACU's MIL 2 to Exclude Evidence of Lost Future Sales to "The Seven Customers" Should be Denied.</u>

---

[3] ACU also never raised this issue in discovery or in expert reports or in a summary judgment motion.
[4] Plaintiff addresses issues of contract interpretation and contract law in its Trial Brief.

3

Vision's damages claim includes proof that it lost sales to customers that would have bought product had ACU honored the agreement. ACU's MIL2 argues that since "the evidence of the 'would have been sales' **is slim**" it should be excluded.  MIL 2 at 2 (emphasis added). While ACU may challenge Vision's support for its damages claim, or, at the close of evidence argue the damages evidence is insufficient, ACU has not articulated any reason to exclude the evidence. Again, ACU cites no Rule of Evidence to support its motion.  To the contrary, ACU's argument impliedly concedes the evidence is relevant. It just contends Vision needs more.

Vision alleges ACU's breach damaged Vision by, *inter alia*, causing Vision to lose sales. Evidence proving the sales Vision lost due to the breach is relevant.  Fed. R. Evid. 401. Vision will offer the testimony of sales representatives and customers that were directly involved with the planned purchase of the relevant products from Vision prior to ACU's breach.  That testimony will show that had ACU not breached the agreement, Vision would have consummated sales with seven customers.  Further, Vision also will introduce a Request for Admission that ACU never denied, objected to or otherwise responded to. It states that "if Defendants had agreed to sell products to Plaintiff pursuant to the terms of the November 2015 Distribution Agreement, Plaintiff would have made continuous and ongoing sales to its current and perspective customers for at least five years."  DE 246 at 18. Vision, therefore, has more than sufficient evidence to prove this element of damages.

C.  <u>ACU's MIL 3 to Exclude Evidence of Defendant's Extortion Should be Denied.</u>

This is the only ACU motion to mention the Federal Rules of Evidence.  ACU points out that not all bad acts are probative of untruthfulness.  But ACU incorrectly argues, without any citation, that the extortion here is not probative of ACU's untruthfulness. ACU also ignores that its attempt to use the crime of extortion to force Vision to pay $3.5M and to dismiss this case

establishes ACU's capacity for bad faith in its dealings with Vision, which is relevant to its breach of the implied covenant of good faith and fair dealing.

The extortion was outrageous in its audacity. In 2020, ACU launched a global attack against Vision, its supplier, and its principal, demanding a $3.5M extortion and a dismissal of this case in exchange for suppressing alleged compromising information. When confronted with the documented evidence of his extortion plan at his deposition, ACU's principal, Mr. Zhou admitted he sent texts and messages to Vision's principal demanding payment of $3.5M to settle this case and to prevent his disclosure of allegedly damaging information about Vision. The results of ACU's activity have resulted in the incarceration and criminal conviction of ACU's factory manager in China, the freezing of ACU's assets in China and other pending criminal investigations. There is a pending warrant for ACU's principal in China for his role in the extortion plan. DE 246 at 16.

Vision intends to introduce this evidence to establish ACU's capacity for bad faith conduct in relation to its contract breach and breach of implied covenant of good faith and fair dealing. The test for relevance is broad. ACU's capacity for extorting Vision also shows its capacity for breaching the implied covenant of good faith and fair dealing in refusing to fill Vision's order and then selling directly into Vision's exclusive market.

Vision also intends to introduce the evidence under Fed. R. Evid. 609, which provides:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

In affirming a district court's ruling on the admissibility of an extortion conviction under Fed. R. Evid. 609, the Third Circuit found credible a district court's findings that extortion is dishonesty.

> Since the extortion of [plaintiff] in my opinion, involved dishonesty, I would have to allow it since it's within a ten-year period. Extortion is dishonesty. You can't get around that I don't think. … In my judgment extortion … involved elements of dishonesty that are highly relevant to credibility.

*U.S. v. Provenzano* 620 F.2d 985 (3rd Cir. 1980).

ACU cites no case to the contrary and instead doubles down on its extortion strategy by repeating its false allegations in its MIL.  ACU's extortion strategy failed.  It's alleged compromising evidence was disclosed to the world.  ACU's false allegations were discarded by the appropriate authorities who instead arrested the ACU employee involved.  ACU's extortion attempt absolutely shows that ACU and its principal Zhou are ready to lie to try to win this case.

The details of Zhou's extortion are also relevant to his credibility.

ACU demanded $3.5M to settle this case and to not disclose alleged compromising information about Vision.  Zhou testified about the details of the extortion at his deposition.  For example, when asked how he came up with the $3.5M demand, Zhou claimed $600,000 of it was based on his "traveling accommodations."  Vision is entitled to show that Zhou made that number up and that all of his lies with regard to the extortion show that he is generally not credible.  If he lied under oath at his deposition about the details of the extortion, his entire testimony is suspect.  It would be unfair for Vision not to be able to question Zhou about lies in his sworn testimony in this case to show Zhou's lack of credibility because the subject matter of those lies is extortion.  Lying about extortion does not get Zhou a free pass on lying.

Zhou has already refused to produce sales reports showing ACU's violations of the agreement, collaborated with his employee to spoliate evidence, and directed another employee to attempt to extort millions of dollars from Vision. He is not credible, and the Court should consider him an adjudicated liar. ACU's MIL should be denied.

D. <u>ACU's MIL 4 to Exclude Evidence of ACU Violating the Exclusivity Provision Should be Denied.</u>

Pursuant to the Exclusive Distribution Agreement, ACU granted Vision an "**irrevocable, exclusive** right and license to distribute":

> • window (primarily casement) hardware and door hardware, and other materials provided by ACU for distribution and use in combination with such door and window (primarily casement) hardware,
> • **in the United States (excluding customer IWC in California)**,
> • for the period of five years from the execution date, and
> • providing the Distributor (Vision) a unilateral option to extend the Agreement for another five years under the same terms.

SF 27 (emphasis added). ACU violated this provision by selling directly into the U.S.

ACU's sole argument in support of MIL 5 is that the Complaint does not specifically plead that ACU breached the Exclusive Distribution Agreement by selling into the Territory (the U.S.). ACU does not allege that the issue has not been in the case for years or that it was not in the Final Pretrial Order. ACU does not allege any prejudice or harm. ACU does not allege that it could have or would have done more discovery. It merely alleges that it was not specifically identified in the Complaint.

But even under ACU's myopic view of the claims in the case, ACU's direct sales into the U.S. are relevant to Vision's claims for breach of contract based on ACU's refusal to fill orders and to Vision's claim for breach of the implied covenant of good faith and fair dealing. Vision

contends ACU breached in bad faith. ACU's sales into the U.S. are facts consequential to ACU's refusal to fill orders and to ACU's bad faith unfair dealing towards Vision.

Further, Vision's claim that ACU's violation of the exclusivity provision of the Distribution Agreement as a separate item of breach has been in the case since 2019. At the time of the Complaint, Vision had not yet discovered that ACU breached the agreement by selling into the U.S. during the term of the agreement. After discovering ACU's additional violation of the agreement, on July 19, 2019, Vision served ACU with supplemental interrogatory responses identifying this conduct as an aspect of the case and as a component of its calculation of damages:

> Plaintiff amends its answer to interrogatory number 15 of Defendant's First Set of Interrogatories to Plaintiff to include the following:
>
> **Defendants' breach of the agreement includes selling its products to customers in the United States other than IWC.**

Exhibit A (emphasis added). If ACU had honored the contract by filling orders, those sales would have been Vision's sales. The parties conducted extensive discovery on the issue.

Yet, even after the above interrogatory response was served, ACU fought production of its sales to customers in the U.S. (in violation of the exclusivity provision) and on November 4, 2019, Judge Waldor compelled the production of "all [ACU] sales records to all customers in the U.S." DE 61. The parties have litigated extensively regarding ACU's refusal to comply with Judge Waldor's Order and its subsequent spoliation of its sales reports of sales into the U.S. *See* chart at DE 224-1 Pgs 8-13.

All that litigation was about ACU's breach of the agreement by selling its products to customers in the United States other than IWC. The parties both filed damages expert reports

8

addressing the data supporting damages for unjust enrichment because of ACU's breach of the agreement by selling its products to customers in the United States other than IWC.

The Final Pretrial Order also makes explicitly clear that ACU's breach is in the case.

> Plaintiff intends to prove the following contested facts with regard to liability:
>
> ACU breached the Distribution Agreement with Vision by failing to provide the window and door hardware required by the Agreement, **and, by selling competing window and door hardware into the U.S. in violation of the exclusivity provisions of the Agreement**.

DE 246 at 18. As discussed above, it has long been settled that the final pretrial order "limits the issues for trial and in substance takes the place of pleadings." *Basista v. Weir*, 340 F.2d 74, 85 (3d Cir. 1965); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007); Fed. R Civ. P. 16.

ACU has not and cannot claim that it was unaware that its breach of the exclusivity provision was in the case and its argument that the Complaint was required to be amended is wrong. ACU also cannot make any argument that it was surprised or prejudiced so even if ACU's legal argument was correct, the Court should freely permit the evidence.

> Furthermore, pursuant to Federal Rules of Civil Procedure 15(b)(1), at the trial the Court "[should freely permit an amendment [to the pleadings] when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence will prejudice that party's action or defense on the merits. Fed. R. Civ. P. 15(b)(1).

*Cosimano v. Twp. of Union, Civil Action No*. 10-5710 (JLL) (JAD), at *6-7 (D.N.J. Dec. 30, 2016).

Once Vision establishes ACU's breach of contract or its breach of implied covenant of good faith and fair dealing, all the damages flowing from the breach are recoverable. ACU's sales into the U.S. in violation of the exclusivity provision are relevant to the underlying claims of breach

9

and the damages resulting from those breaches. The conduct also stands as its own breach of the agreement. ACU's MIL should be denied.

### iii.   CONCLUSION

For the foregoing reasons, ACU's Motions in Limine and the relief requested in its Trial Brief should be denied.

Respectfully submitted,

/Michael Cukor/s
Michael Cukor, Esq.
**McGeary Cukor LLC**
150 Morristown Road
Bernardsville, NJ 07924

Evelyn A. Donegan, Esq.
**Rubin, Kaplan and Associates**
20 Centennial Ave
Piscataway, NJ 08854
Attorneys for Plaintiff