

ABRAHAM J. ZAGER (1941-1999)
LAWRENCE M. FUCHS (1970-2020)
ANDREW W. KRANTZ
MICHAEL T. WARSHAW*
KEVIN I. ASADI
LYNN E. STAUFENBERG**
JASON L. WYATT♦

ARTHUR L. CHIANESE, OF COUNSEL
SUSAN L. GOLDRING, OF COUNSEL
ALBERT A. ZAGER, OF COUNSEL

*ADMITTED TO THE NEW YORK BAR
CERTIFIED AS ARBITRATOR AND MEDIATOR, R.1:40

**ADMITTED TO THE PENNSYLVANIA BAR
QUALIFIED FAMILY LAW MEDIATOR
REGISTERED GUARDIAN

♦ LL.M. IN TAXATION

April 10, 2025

Hon. Jamel K. Semper, U.S.D.J.
Frank R. Lautenberg U.S. P.O & Courthouse
2 Federal Square
Courtroom 3
Newark, New Jersey 07102

**Re**   Vision Industries Group, Inc. v. ACU Plasmold, Inc.
        Case No.: 2:18-cv-06296

Dear Judge Semper,

We are counsel for ACU Plasmold, Inc., defendant in the above matter. We submit this letter pursuant to Judge Waldor's Order (DE 310) on the issue of disputed translations. The parties are unable to agree. The respective positions are below.

### Defendant's Position

The parties agree that any disagreement between them on the translation of a document will be resolved by the translation of the court appointed translator.

The parties agree on the translations of all documents referenced in the Stipulated Facts of the Pre-Trial Order, except for the January 19, 2018 email from ACU's Dai Lingiang to Vision's Ms. Huang Dan. The different translations of the parties are set forth on pg. 8 paragraph 35 of the Pre-Trial Order (Doc No. 246). The correct translation shall be determined by the court appointed translator.

The parties agree on the translation of all document translations exchange between the parties in the past month with the exception of the January 19, 2018 email referenced above.

Hon. Jamel K. Semper, U.S.D.J.
April 10, 2025
Page 2

_____

The parties agree that any documents in Chinese that become necessary for rebuttal during the trial will be translated by the court appointed translator during the trial. ACU does not agree to plaintiff's position.

**Plaintiff's Position**:

Plaintiff does not agree with the paragraphs in the Defendants' section above. Defendant inexplicable insisted on filing the joint statement and putting Defendants' position first and writing its position as if the parties had reached some agreement when it knew that no such agreement was reached. ACU chose not to address any of the issues raised by Vision throughout the meet and confer and below.

The parties jointly negotiated the Final Pretrial Order which was submitted jointly and entered by Judge Waldor (DE 246).

Section 6 of the Final Pretrial Order provides:

> Parties shall exchange certified translations of all documents they intend to use as exhibits at trial 60 days before trial.
> Any objections to Exhibits or translations shall be supplied within 30 days after receipt, including the basis for objection.

Pretrial at 10.

On March 5, Vision provided ACU with sixteen (16) Certified Translations and Certificates of Accuracy for the Vision exhibits requiring translation.

Since March 5, ACU has never responded in writing with an objection to any specific Vision translation nor has it requested to meet and confer to discuss an objection.

On March 20, ACU sent an email with a translation for ACU Exhibit B. The translation is from a company called Rapid Translate and has a signed Certification from the translator.

Vision notes that ACU's proposed translation was submitted more than two weeks after the deadline in the Final Pretrial Order but, in effort to move this case forward with fewer disputes, Vision does not object to the admission of ACU's translation for its Exhibit B.

On April 4, Judge Waldor directed the parties to meet and confer about translations. (DE 310). That day, Vision emailed ACU with an identification of translations exchanged

Hon. Jamel K. Semper, U.S.D.J.
April 10, 2025
Page 3

_____

by the parties and a request to meet and confer. ACU responded with another proposed translation for its Exhibit J.

Vision does not consent to ACU's proposed Exhibit J translation because it was produced a month after the deadline in the Final Pretrial Order and it has no signed or dated Certificate of Accuracy. There is less than a month to trial and Defendants' Exhibit J has been in the case for about seven years. At the time the parties submitted the Final Pretrial Order, ACU identified a disagreement about the translation of its Exhibit J but did not produce any translation during discovery. ACU provided an alternate translation in the Final Pretrial but <u>that translation is not the same</u> as ACU's recent submission regarding Exhibit J. The translation ACU included in the Final Pretrial appears to have been created solely by ACU.

ACU knew about the dispute and had plenty of time to submit a translation under the schedule it agreed to and the Court Ordered in the Final Pretrial. ACU has offered no explanation for why its translations was not submitted earlier. A translation dispute at this late-stage prejudices Vision. For that reason alone, the Court should not admit ACU's proposed translation of Defendants' Exhibit J.

ACU's proposed translation of Defendants' Exhibit J also has no indication of credibility or authenticity. Unlike ACU's proposed translation for its Exhibit B, the proposed translation for Exhibit J does not contain a signed or dated Certificate of Accuracy. There is no reason on the face of the document to trust its authenticity. ACU had no explanation for this or follow up to provide when this issue was raised during the parties' meet and confer. Even if the Court were to allow the translation to be offered into evidence, ACU could not overcome an authenticity objection. For that reason alone, the Court should not admit ACU's proposed translation of Defendants' Exhibit J.

ACU hopes to avoid the mess it made by asking a court translator to translate the exhibits on the fly. Vision does not consent to this revised procedure. The parties have already submitted their exhibits to the Court. We are in the final stages of trial preparation and the parties need certainty about their exhibits. ACU's 'on the fly' proposal discards the procedure in the Final Pretrial for the sole reason of remedying its failure to comply.

As Vision pointed out to ACU, translators and interpreters are also different jobs with different training and different skill sets.[1] There has been no court appointed translator or interpreter used in this case. The parties and the Court do not know who it might be and it is fundamentally unfair to surprise that person with the requirement of performing the translation of a written document at trial.

---

[1] https://www.atanet.org/client-assistance/translator-vs-interpreter/.

Hon. Jamel K. Semper, U.S.D.J.
April 10, 2025
Page 4

_____

The Court should follow the schedule and agreement in the Final Pretrial Order and preclude admission of Defendants' unverified proposed translation for Exhibit J.

The position below was the last position provided by ACU. Vision does agree with ACU's paragraph below stating:

The parties agree on the translation of all document translations exchanged between the parties in the past month with the exception of the January 19, 2018 email referenced above.

Vision does not agree to the rest of ACU's position.

Respectfully,
/s/ Edward W. Miller
821 Franklin Ave. Suite 209
Garden City, New York   11530
(917) 770-9016
*Attorneys for Defendant ACU*


/s/ Michael T Warshaw
Michael T. Warshaw, Esq.
For the firm
Local Counsel for defendant, ACU

cc:    Counsel of Record