# EXHIBIT 19

Filed in Fourth Judicial District Court
.../14 2:26:20 PM
.......pin County Civil, MN

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

---

Mark Lanterman and
Computer Forensic Services,

Plaintiffs,

v.

Michael Roman Afremov,

Defendant.

Court File No. 27-CV-12-22089
The Honorable Philip D. Bush

**FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND
ORDER FOR JUDGMENT**

---

The above-captioned matter came before the undersigned Judge of District Court on March 25, 2014 and March 27, 2014 for a court trial and evidentiary hearing on Counts II and III of the Complaint. Pursuant to the Court's instructions, the parties filed post-trial memoranda on April 18, 2014, whereupon the record was closed and the matter was submitted.

Plaintiffs are represented by K. Jon Breyer, Esq., and Christopher D. Pham, Esq.

Defendant is represented by William R. Skolnick, Esq., and Andrew H. Bardwell, Esq.

Based upon all the files, records, and proceedings herein, the Court makes the following:

## FINDINGS OF FACT

### Introduction

1.    Plaintiff Computer Forensic Services ("CFS") is a Minnesota corporation.

records of the number of hours of work so the size of each of the drives or disks was used as a stand-in for the number of hours worked.

87.    Lanterman testified that the hours set forth in the Second Invoice were allegedly derived from the Ledbetter Email *(Ex. 17.)* The Ledbetter Email simply lists 18 devices followed by a number.  It does not say what the number represents. There is no breakdown between human time and computer time and no accompanying text apart from "Here you go." *(Id.)*  The Court finds Exhibit 17 suspect and lacking in credibility. [20]

88.    The Court finds the Second Invoice to be not credible or reliable.

**Lanterman's Lack of Credibility**

89.    The Court has significant doubts about Lanterman's credibility about billing issues based on the lack of disclosure, the lack of documentation, the apparent double billing (i.e., charging a flat rate fee and an hourly fee for loading, decrypting, and verifying data), the significant questions raised by what little documentation does exist, Green's testimony, and other factors. There are additional reasons to question Lanterman's credibility.

90.    Harris, CFS's former attorney, was called as a witness for Lanterman. Under cross examination about Lanterman's reputation for integrity and business billing, Harris credibly testified that Lanterman's reputation for integrity is highly questionable and Lanterman's reputation among law firms raise serious questions about his billing practices.

---

[20] Exhibit 17 could be a paper print out of an email.  Based on its appearance, it also could be word processed document typed to look like an email printout.  Because CFS is unable to verify its authenticity based on its electronic records, the Court can make no clear decision on its reliability.

91.    In a federal court proceeding regarding the disputed invoices, Lanterman testified to a federal Magistrate Judge that he had 11 people working on the Afremov project. It has since been established that only three people were working on the Afremov project.

92.    In that same proceeding, Lanterman testified unequivocally that, as of June 15, 2007, 1,500 hours of human time had been spent on the Afremov project[21]. Lanterman would have no basis for making that representation insofar as the time records were destroyed. When confronted with the fact that he only had, at most, three people working on the Afremov project, he tried to soften this and said that the 1,500 hours was both human and computer time. What little documentation there is does not distinguish human time from computer time.

93.    The Court concludes that billing for computer run time is a fiction that Lanterman used to avoid the problems created by his false testimony in federal court that he had 11 people working full time 24 hours a day in shifts on the Afremov project for a total of 1,500 human work hours. To explain away the fact that there were not enough people working on the project to come anywhere close to account for an

---

[21] In the federal court proceeding, Lanterman testified as follows in response to questioning by United States Magistrate Judge Sue Nelson:

> The Court: So when you say 1,500 hours, is that an individual's time, or is that a combination of an individual working or 11 individuals working and the machines working, if you will?
>
> Mr. Lanterman: No. That's human time.
>
> The Court: That human time.
>
> Mr. Lanterman: Yes.