**ZAGER FUCHS, P.C.**
Michael T. Warshaw, Atty.#: 005171976
119 Avenue at the Commons, Suite 4
Shrewsbury, New Jersey 07702
Phone: (732)747-3700
Fax: (732) 758-9068
Email: mwarshaw@zagerfuchs.com
*Attorneys for Defendant ACU Plasmold, Inc.* **LOCAL COUNSEL**

**Edward W. Miller, Esq.**
821 Franklin Ave., Suite 209
Garden City, NY 11530
Telephone: (917) 770—9016
Email: edmillerlaw@gmail.com
Attorneys for *Defendant ACU Plasmold, Inc.,* **TRIAL COUNSEL**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
VISION INDUSTRIES GROUP, INC.,

                Plaintiff,   Case No. 2:18-cv-6296 (ES) (CLW)

-- against --

ACU PLASMOLD, INC., ABC COMPANIES 1-10 and XYZ CORPORATIONS 1-10,

                **Defendants**
_____

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO WITHDRAW ADMISSIONS**

In the Third Circuit a motion to withdraw admissions will be granted if it would promote the presentation of the case on the merits, and the party contesting withdrawal of admissions is unable to show specific prejudice resulting from such withdrawal. *K.K.-M. v New Jersey Department of Education*, No. 17-11579 (D.N.J. 5//16//23), citing: *United States v Branella*, 972 F.Supp. 294, 301 (D.N.J. 1997).[1]  Prejudice can be shown where a party has relied upon the admissions in preparing for trial; "courts have generally looked to the degree of difficulty a party may face when it must prove a previously deemed admission." Brooks Vill. N. Assocs v Gen. Elec. Co., 686 F.2d 66, at 70 (1st Cir. 1982).  Here, Plaintiff has made no showing of any prejudice whatsoever were any of the admissions withdrawn.

In dealing with motions to withdraw admissions, the Third Circuit has expressed a clear preference for ensuring justice by focusing on the merits rather than technicalities. *United States v Stelmokas*, No. 92-3440, 1995 WL 464264, at 4 (E.D.Pa.8/2/95), aff'd, 100 F.3d 1996.

Here, unless the court allows Defendant to pursue causes of action not pled in the complaint, only a few of the admissions would subvert the trial of this case on the merits.  The lion's share of the requests deal with causes of action not pled in the complaint, i.e. breach of the exclusionary clause (Exhibit A, October 1, 2019 Requests for Admissions, Requests 1 to 20; and, Exhibit B, February 6, 2020 Requests for Admission 8), and breach of the best price guarantee clause (Exhibit A, October 1, 2019 Requests for Admissions, Requests 29 to 45).

---

[1] See also: *Pritchard v Dow Agro Scis.*, 255 F.R.D. 164 (W.D. Pa. 2009), cited in, *Tennessee Gas Pipeline Company v John A. Franklin*, No. 3:17-cv-00148 (M.D. Pa. August 30, 2024).

Assuming the court does not allow Plaintiff to pursue unpled causes of action, there are only a few admissions which (if not withdrawn) would subvert the trial of this case on the merits.  Those requests for admissions (February 6, 2020 Requests for Admissions, Requests 9 and 10) are clearly improper.  "The purpose of requests for admissions is to narrow the scope of issues to be litigated and to thereby expedite the litigation process"… This device is surgical and should be used "to eliminate issues over facts that are not in dispute." *Hayes v. Bergus*, Civil Action No. 2:13-CV-4266-SDW-SCM (D. N.J. Sep 24, 2015).  Here, Plaintiff is using these two requests to establish facts concerning Plaintiff's claimed damages that are within the sole knowledge of Plaintiff; in other words, asking Defendant to admit things which only the Plaintiff could know:

> 9. Admit that Plaintiff expended more than three hundred thousand dollars in expenses based on the November 2015 Distribution Agreement.
>
> 10. Admit that if Defendants had agreed to sell products to Plaintiff pursuant to the terms of the November 2015 Distribution Agreement, Plaintiff would have made continuous and ongoing sales to its current and perspective customers for at least five years.
>
> Defendant cannot possibly admit to things that obviously only Plaintiff knows.

As far as Defendant's conduct in this case, the orders chastising Defendant primarily resulted from court crediting the slanderous reports of Mark Lanterman, Plaintiff's expert who has now been so thoroughly discredited that he is not even attending the trial (Plaintiff's lawyer says that "Mr. Lanterman is afraid someone will hurt him"). [See Doc No. 315-21, Motion to Preclude Testimony of Mark Lanterman, Declaration of Edward Miller].

For all of these reasons, this Court should grant Defendant's Motion to withdraw admissions.

Edward W. Miller, Esq.
821 Franklin Ave., Suite 209
Garden City, NY 11530
Telephone: (917) 770—9016
Email: edmillerlaw@gmail.com
Attorneys for *Defendant ACU Plasmold, Inc.,* **TRIAL COUNSEL**

Dated: March 21, 2025