Michael Cukor, Esq.
**McGeary Cukor LLC**
150 Morristown Road
Bernardsville, NJ 07924

Evelyn A. Donegan, Esq.
**Rubin, Kaplan and Associates**
20 Centennial Ave
Piscataway, NJ 08854
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VISION INDUSTRIES GROUP, INC., : <br> : <br> Plaintiff, : <br> : <br> v, : <br> : <br> ACU PLASMOLD, INC., : <br> and ABC COMPANIES 1-10, : <br> and XYZ CORPORATIONS 1-10, : <br> : <br> Defendants. : <br> : | Case No. **2:18-cv-06296** |

**VISION INDUSTRIES GROUP, INC.'s
OPPOSITION
TO ACU'S MOTION FOR RECONSIDERATION**

Plaintiff Vision Industries Group, Inc. ("Vision") respectfully submits this memorandum in opposition to Defendant ACU Plasmold, Inc.'s ("ACU") motion for reconsideration of the Court's May 7, 2025 Order (ECF 353). ACU's motion is procedurally defective, legally unsupported, and substantively meritless. It must be denied.

## I.   The Motion is Untimely Under Local Civil Rule 7.1(i), and Rule 60 is Inapplicable

ACU's motion should be denied due to its failure to timely file. Local Civil Rule 7.1(i) requires that a motion for reconsideration be filed within **14 days** of the entry of the order at issue. ACU is well aware of this rule: it previously filed a timely motion for reconsideration within the 14-day window. *See* ECF 151 (filed exactly 14 days after the order). ACU filed this motion for reconsideration **35 days** after the Court's May 7, 2025 Order. ACU did not disclose that its motion was late, did not offer any explanation for its untimely filing, and did not seek permission to file out of time.

ACU's motion is untimely and should be denied. Failure to timely file pursuant to Local Civil Rule 7.1(i) is alone a basis for denying the motion. *Panarello v. City of Vineland*, Civil. No. 12-4165 (RBK/JS) (D. N.J. Jul 07, 2016), 14. *See also*, *e.g.*, *Red Roof Franchising LLC, Inc*. *v. AA Hosp. Northshore, LLC*, 937 F. Supp. 2d 537, 543 (D.N.J. 2013); *Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996); *Tucker v. I'Jama*, 404 F. App'x 580, 581 (3d Cir. 2010) (affirming the district court's decision to deny a motion for reconsideration as untimely).

Apparently, to avoid the time bar on reconsideration motions, ACU's notice references Rule 60(b)(1) and (6), which permits a party to seek relief from a final judgment or order "within

1

a reasonable time." Fed. R. Civ. P. 60(c)(1). ACU's memorandum does not mention Rule 60(b) because it is inapplicable to the non-final order at issue, which affirmed a magistrate judge's pretrial sanctions ruling. Rule 60 "only provide[s] for reconsideration of final judgments, not interlocutory orders." *Hitch v. The Frick Pittsburgh*, Civil Action 2:22-cv-1801 (W.D. Pa. May 31, 2023) citing *Dayoub v. Penn-Del Directory Co.*, 90 F.Supp.2d 636, 638 (E.D. Pa. 2000).[1] Rule 60 is inapplicable to ACU's motion and ACU is out of time to seek reconsideration.

## II.   The Court Has Already Rejected ACU's Core Argument

ACU's motion rests on its repeated contention that Judge Waldor's sanctions order improperly relied on Mr. Lanterman. However, the Court squarely addressed and rejected this point, stating: "The Court rejects ACU's argument to vacate Judge Waldor's Sanctions Order based on Mr. Lanterman's alleged misconduct for one simple reason: Judge Waldor did not rely on Mr. Lanterman's representations in the Sanctions Opinion and Order." *See,* ECF 352 at 12. ACU's motion improperly seeks nothing more than a "second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998). In the interest of avoiding relitigating the same issues, the Third Circuit has held that motions for reconsideration must be restricted to the narrow purpose of correcting manifest errors of law or fact or producing new evidence. *Mid-American Salt, LLC v. Morris Cty. Coop. Pricing Council*, 964 F.3d 218, 230 (3d Cir. 2020).

Since the Court has already addressed, evaluated, and rejected ACU's contention that Judge Waldor relied on Mr. Lanterman's representations in the Sanctions Opinion and Order, and ACU has produced no new evidence to support an alternative conclusion, its motion should

---

[1] The Sanctions Order is interlocutory because it does not resolve all issues to as to all parties; therefore, it can never be reconsidered under Rule 60 even after entry of final judgment. *Penn W. Assocs. v. Cohen*, 371 F.3d 118, 123-125 (3d Cir. 2004).

be denied. The standard is practical as it removes an incentive for litigants to use motions for reconsideration to rehash their old arguments in search of a different outcome. The Court's explicit rejection of ACU's argument notes that Mr. Lanterman's report was discussed "primarily to provide color to ACU's actions." *See*, ECF 352 at 13.

The Court additionally notes that the existence of the 30 responsive documents discovered in Mr. Lanterman's forensic analysis of Mr. Quach's computer is undisputed. *Id.* ACU's sanctionable conduct in this matter includes at least: repeated failures to produce documents after being compelled (ECF 265 at 5), failure to cooperate with discovery and Judge Waldor's Orders (Id. at 6), attempting to frustrate the discovery process by issuing baseless discovery demands (Id.), a meritless attempt to recuse Judge Waldor (ECF 121), failing to appear for depositions (ECF 265 at 9), violating the Protective Order (Id.), and admitting that its employee purposefully deleted the contents of his computer immediately before it was due to be imaged by Court Order. (ECF 275. at 5.)[2]

Thus, even if ACU's emphasis on Judge Waldor's evaluation of Mr. Lanterman's evidence were deemed to have merit, ACU's motion would still fail substantively on its basic proposition that Judge Waldor's order falls apart at the removal of Mr. Lanterman. Even without Lanterman, this Court's Order was not clearly erroneous or contrary to the law and ACU's motion should be denied. *Id.*

### III. The Motion Fails Under Local Rule 7.1(i) Because ACU Identifies No Evidence or Decisions the Court Overlooked

---

[2] ACU has admitted that Lanterman properly restored Quach's computer. ECF 275 at 5 ("Quach's amateurish efforts to erase his computer (he wiped it clean) posed little difficulty for forensic computer expert Lanterman to restore."). ACU's conduct was sanctionable for its deletion, regardless of its beliefs regarding Lanterman's restoration efforts.

3

As, discussed above, the Court already considered and rejected that Magistrate Judge Waldor improperly relied on Lanterman. Local Rule 7.1(i) requires that a party seeking reconsideration identify "the matter or controlling decisions which the party believes the Judge has overlooked." ACU identifies none. Motions for reconsideration are not vehicles to relitigate issues already decided. *See, Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) ("The scope of a motion for reconsideration is extremely limited."); *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014). (reconsideration may be granted only for "clear error," "newly discovered evidence," or change in law).

Here, ACU has merely expressed disagreement with the Court's conclusions. It is improper to use a motion for reconsideration to ask the court to rethink issues it already analyzed and decided, correctly or not. *Oritani S & L v. Fid. & Deposit of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990); *Syncsort Inc. v. Innovative Routines Int'l, Inc.*, Civ. A. No. 04-3623, 2008 WL 11381901, at *3 (D.N.J. July 30, 2008); *see also Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998) ("A party seeking reconsideration must show more than a disagreement with the Court's decision . . . . Nor is a motion for reconsideration properly grounded on a request that a court rethink a decision already made.") (citations omitted).

To succeed substantively under Rule 7.1(i) absent a change in the law, ACU would have to show clear error or present new, substantive evidence showing that Judge Waldor's Sanctions Order was erroneously made. *AstraZeneca Pharms*, 769 F.3d 837 at 848–49. Instead, ACU's motion relies nearly exclusively on evidence that was available before ACU filed its appeal or even retained Mr. Lanterman. ACU's motion centers on its attack of Mr. Lanterman's credibility as an expert witness. Not only is this argument based on evidence that has long been in ACU's

4

possession, but both the evidence and the argument itself have already been reviewed by this Court; the argument was rightly rejected.

ACU's reference to its own recent filings regarding Mr. Lanterman (DE 315, 315-1 to 21, and 316) does not constitute "new evidence" as defined by the Third Circuit regarding motions for reconsideration. According to the Third Circuit, "new evidence" for reconsideration purposes refers to evidence that was previously unavailable such that the moving party could not have submitted it to the court earlier. *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.,* 602 F.3d 237, 252 (3d Cir. 2010). Almost all the substantive evidence that ACU relies on are yearbooks and commencement programs from the 1980s that were certainly available to ACU before now, before ACU filed its appeal, and before ACU retained Mr. Lanterman.[3] This evidence, which ACU certainly could have submitted to the Court prior to Judge Waldor's ruling, is not new evidence for reconsideration. A party who has received an adverse ruling may not move for reconsideration to rehash old evidence in the hopes of obtaining a preferable outcome. *Howard Hess Dental Labs,* 602 F.3d 237 at 252.

## IV.   Conclusion

ACU's motion is untimely, procedurally improper, and fails to meet the stringent standard for reconsideration. It offers no new law, no new facts, and no clear error—only disagreement with a result it disfavors. The motion should be denied in its entirety.

Dated: June 18, 2025

Respectfully submitted,

*/s/ Michael Cukor*

---

[3] It again should not be lost on the Court that Mr. Lanterman was retained by ACU, not Vision, and that ACU is attempting to discredit the expert it hired because it now alleges he did not attend college.

5

Michael Cukor
**McGeary Cukor LLC**
mcukor@mcgearycukor.com

Evelyn A. Donegan, Esq.
**Rubin, Kaplan and Associates**

Counsel for Plaintiff
VISION INDUSTRIES GROUP, INC.