<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VISION INDUSTRIES GROUP, INC., *Plaintiff*, v. ACU PLASMOLD, INC., *Defendant*. | Civil Action No. 18-6296  **OPINION AND ORDER**  December 30, 2025 |

**SEMPER**, District Judge.

This matter comes before the Court on Defendant ACU Plasmold, Inc.'s ("ACU") motion to withdraw admissions to Plaintiff Vision Industries Group, Inc.'s ("Vision") Requests for Admission. (ECF 333, the "Motion.") Although Vision did not file an opposition to the Motion, it did file a standalone brief regarding ACU's failure to respond to its Requests for Admissions (ECF 328), in which Vision asks the Court to deny any request from ACU to withdraw its admissions. (*Id*.) The Court has considered the submissions of the parties and the arguments presented at oral argument on the first day of the bench trial in this case, which took place from May 5, 2025 to May 8, 2025. (ECF 358-361.) For the following reasons, the Court grants in part and denies in part ACU's motion to withdraw its admissions.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The parties are familiar with the facts of this case, which involves contract claims relating to an Exclusive Distribution Agreement between Vision, a distributor of windows and window parts, and ACU, a manufacturer of windows and window parts. (*See generally* ECF 1.)

The Court recounts only the procedural history relevant to the Motion. Plaintiff filed its Complaint on April 12, 2018. (ECF 1.) Plaintiff brought claims for breach of contract and breach of the implied covenant of good faith and fair dealing. (*Id.*) Defendant filed an Amended Answer and Counterclaims on October 12, 2018. (ECF 22.) On November 8, 2024, the Court denied Defendant's request to file a motion for summary judgment. (ECF 288.)

On April 21, 2025, Vision filed a memorandum requesting that the Court deny any request from ACU to withdraw or amend its answers to Vision's Requests for Admission. (ECF 328.) On the same day, ACU filed a motion to withdraw and amend its responses to Visions Requests for Admission. (ECF 333.)

The Court held a bench trial from May 5, 2025 to May 8, 2025. (ECF 358-361.) The Court heard oral argument on the Motion on the first day of trial and reserved its ruling. (ECF 358 at 29:17-33:9.)

II.   **ANALYSIS**

   A.   **Vision's Requests for Admission**

The parties' dispute over Vision's Requests for Admission ("RFAs" or "Requests") arises from ACU's failure to respond to Vision's first RFAs, served on October 31, 2019, and Vision's second RFAs, served on February 6, 2020. (ECF 328; *id.* Exs. 1-2.) Federal Rule of Civil Procedure ("Rule") 36 governs requests for admission generally. *See* Fed. R. Civ. P. 36.[1] The purpose of this Rule is to narrow the issues for trial to those which are genuinely contested[.]" *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1998). Under Rule 36(a)(3), a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the

---

[1] Under Rule 36(a)(1), "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." ACU failed to respond to any of the RFAs within 30 days (*see* ECF 328 at 1), effectively admitting the matters therein.

Following Vision's April 21, 2025 memorandum requesting that the Court admit the matters in the RFAs (ECF 328), ACU filed its motion to withdraw pursuant to Rule 36(b) on the same day. (ECF 333.) This Rule allows a party to seek to withdraw or amend an admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). "Courts have great discretion in deciding whether to withdraw or amend an admission." *Certain Underwriters at Lloyd's of London v. Alesi*, 843 F. Supp. 2d 517, 532 (D.N.J. 2011) (quoting *U.S. v. Branella,* 972 F.Supp. 294, 301 (D.N.J. 1997)).

"Rule 36(b) first requires a determination as to whether the presentation of the merits will be improved by permitting an admission to be revised." *Altman v. Ingersoll–Rand Co.*, No. 05–956, 2008 WL 596066, at *3 (W.D. Pa. Mar. 4, 2008); *see also Sunoco, Inc. (R & M) v. MX Wholesale Fuel Corp.*, 565 F. Supp. 2d 572, 577 (D.N.J. 2008). The second prong then "shifts the burden to [the requesting party]…to show that it would be prejudiced if the withdrawal [or amendment] is permitted." *Altman*, 2008 WL 596066, at *3; *see also Sunoco, 565 F. Supp. 2d at 577.* "A party is not prejudiced by a belated response simply because his position is prejudiced by the true facts contained in the response." *Altman*, 2008 WL 596066, at *4. Courts have generally defined prejudice as relating "'to the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted.'" *Id.* (*citing Coca–Cola Bottling Company of Shreveport, Inc. v. The Coca–Cola Co.*, 123 F.R.D. 97, 105 (D. Del. 1988)).

3

### B. Requests for Admission 1-53

The Court denies ACU's motion to withdraw and amend its admissions to Requests 1-53. These RFAs primarily cover matters related to Vision's claims that (1) ACU violated the exclusivity provision of the Exclusive Distribution Agreement at issue in this case; and (2) ACU breached the Exclusive Distribution Agreement by charging Vision prices higher than its discretion allowed. (*See* ECF 328-3.) As an initial matter, the Court is loath to encourage parties to sit quietly on unanswered RFAs in the hopes that they can win on a technicality rather than engage in substantive discovery to support their claims. Such a concern is present here, where Vision offered no evidence that it reminded ACU's carousel of attorneys that outstanding RFAs existed. (*See* ECF 328.)

But the unique circumstances presented here warrant the Court's denial of the Motion. The Court is mindful that "a disposition on the merits is preferred over a decision based upon procedural technicalities." *Sunoco*, 565 F. Supp. 2d at 577 (citation omitted). However, the Court finds that the presentation of this case on the merits is not greatly affected given that both parties offered limited documentary evidence at trial related to Vision's contentions that ACU violated the exclusivity and price provisions of the Exclusive Distribution Agreement.[2] (*See* ECF 358-361.)

Additionally, Vision would undeniably face prejudice if the Court granted the withdrawal and amendment of its admissions to Requests 1-53. As to Vision's contentions that ACU violated the exclusivity provision of the Exclusive Distribution Agreement, the history of this case reveals Vision's extensive but futile efforts to obtain discovery on this topic. (*See* ECF 271; ECF 352; ECF 353.) Further, although ACU's current counsel was apparently unaware of the RFAs until the parties drafted the Final Pretrial Order (*see* ECF 358 at 32:2-6), they chose not to file a motion to

---

[2] The Court will discuss the evidence presented at trial in more detail in its forthcoming bench trial opinion.

4

withdraw before the Court so-ordered the Final Pretrial Order on March 13, 2024. (*See* ECF 246.) Instead, ACU waited until over a year later, two weeks before trial was set to begin—and five years after Vision served its first RFAs—to file its Motion. (*See* ECF 333.) Allowing the withdrawal and amendments, which were requested mere weeks before trial, would prejudice Vision. *See Sunoco*, 565 F. Supp. 2d at 578 (granting plaintiff's partial motion for summary judgment in part based on defendant's failure to provide timely responses to requests for admission).

### C. Requests for Admission 54-55

The Court will, however, grant ACU's motion as to Requests 54 and 55. Request 54 states: "[a]dmit that Plaintiff expended more than three hundred thousand dollars in expenses based on the November 2015 Distribution Agreement." (ECF 328-3 at 3.) Request 55 states: "[a]dmit that if Defendants had agreed to sell products to Plaintiff pursuant to the terms of the November 2015 Distribution Agreement, Plaintiff would have made continuous and ongoing sales to its current and perspective customers for at least five years." (*Id.*)

The Court allows ACU's withdrawal and amendment of these admissions because amendment will not prejudice Vision. Vision's potential sales and alleged damages are facts entirely within Vision's, not ACU's, knowledge. The Court's conclusion is underscored by Vision's submission at trial of an expert report and expert testimony on damages. (*See* ECF 359 (Trial Testimony of Rebecca Fitzhugh) at 301:23-384:25.) "The prejudice contemplated by Rule 36(b)…is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required." *Gwynn v. City of Philadelphia*, 719 F.3d 295, 298–99 (3d Cir. 2013) (quoting *Bergemann v. United States,* 820 F.2d 1117, 1121 (10th Cir. 1987)). The Court allows ACU's withdrawal and amendments of its prior admissions to RFAs 54 and 55.

### III. CONCLUSION

For the aforementioned reasons, the Court grants in part and denies in part ACU's motion to withdraw its admissions. (ECF 333.) The Court's consideration of the evidence presented at trial will be made in light of the foregoing decision.

**IT IS**, on this 30th day of December 2025,

**ORDERED** that Defendant ACU's motion to withdraw its admissions (ECF 333) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that ACU's motion to withdraw its admissions to RFAs 1 through 53 is **DENIED**; and it is further

**ORDERED** that ACU's motion to withdraw its admissions to RFAs 54 and 55 is **GRANTED**.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Cari Fais, U.S.M.J.
       Parties