<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| VISION INDUSTRIES GROUP, INC., | Civil Action No. 18-6296 |
| *Plaintiff*, | |
| v. | **OPINION AND ORDER** |
| ACU PLASMOLD, INC., | March 23, 2026 |
| *Defendant*. | |

**SEMPER**, District Judge.

**THIS MATTER** is before the Court on Defendant ACU Plasmold, Inc.'s ("ACU") Motion for Reconsideration of this Court's May 7, 2025 Opinion and Order (ECF 352 and ECF 353, the "May 7, 2025 Opinion and Order") denying ACU's appeal of Magistrate Judge Cathy L. Waldor's August 21, 2024 Opinion and Order (ECF 265, ECF 266, the "Sanctions Opinion and Order") granting in part Plaintiff Vision Industries Group, Inc.'s ("Vision") motion for sanctions (ECF 224). (ECF 367, "Motion for Reconsideration" or "Mot.") Vision opposed the Motion. (ECF 368, "Opp.") ACU filed a reply in further support of its Motion for Reconsideration. (ECF 369, "Reply.") The Court has decided this Motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, ACU's Motion for Reconsideration is **DENIED.**

**WHEREAS** the parties are familiar with the facts of this case, which involves contract claims relating to an Exclusive Distribution Agreement between Vision, a distributor of windows and window parts, and ACU, a manufacturer of windows and window parts. (*See generally* ECF

1.) As such, the Court recounts only the factual and procedural history relevant to the Motion for Reconsideration. Plaintiff filed its Complaint on April 12, 2018. (ECF 1.) Plaintiff brought claims for breach of contract and breach of the implied covenant of good faith and fair dealing. (*Id.*) Defendant filed an Amended Answer and Counterclaims on October 12, 2018. (ECF 22.) On August 21, 2024, Magistrate Judge Cathy Waldor issued an Opinion and Order (ECF 265, "Sanctions Order"; ECF 266, "Sanctions Opinion"; and together, the "Sanctions Opinion and Order") granting in part Vision's Motion for Sanctions (ECF 224), which arose from issues related to discovery (*id.*). On September 6, 2024, ACU appealed the Sanctions Opinion and Order.[1] (ECF 269; ECF 271.) In an Opinion and Order dated May 7, 2025, this Court affirmed the Sanctions Opinion and Order (ECF 352, ECF 353.). From May 5, 2025 to May 8, 2025, this Court held a bench trial for four days in this matter regarding Vision's claims for breach of contract and breach of the covenant of good faith and fair dealing against ACU (ECF 358-361); and

**WHEREAS** on June 12, 2025, ACU moved for reconsideration of the Court's May 7, 2025 Opinion and Order, in particular the Court's decision affirming Judge Waldor's Sanctions Opinion and Order, which granted in part Vision's Motion for Sanctions. (*See* 367-1, "ACU Br.," at 2.) On June 18, 2025, Vision filed an opposition to ACU's Motion for Reconsideration. (ECF 368, Opp.) On June 27, 2025, ACU filed a reply in further support of its Motion for Reconsideration. (ECF 369, Reply.); and

**WHEREAS** under Local Civil Rule ("Local Rule") 7.1(i), a party may move for reconsideration of a previous order if there are "matter[s] or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). The Court will reconsider a prior order only

---

[1] ACU also appealed Judge Waldor's November 19, 2024 Opinion and Order (ECF 289) denying its motion for leave to amend its Answer to add two new counterclaims and to amend the Final Pretrial Order. (ECF 290.) The Court also affirmed the November 19, 2024 Opinion and Order in its May 7, 2025 Opinion and Order. (*See* ECF 352, ECF 353.) ACU does not move for reconsideration of this portion of the May 7, 2025 Opinion and Order. (*See generally* Mot.)

2

where a moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)); and

**WHEREAS** "reconsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org v. Honeywell Int'l. Inc.*, 215 F.Supp.2d. 482, 507 (D.N.J. 2002)); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005) (same). A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (citation omitted); and

**WHEREAS** ACU moved for reconsideration of this Court's May 7, 2025 Opinion and Order because "ACU believes that there were mistakes in the original Opinion (ECF 265) and Order (ECF 266) by Judge Waldor and those mistakes were largely relied upon by this Court in its Opinion (ECF 352) and Order (ECF 353)." (ACU Br. at 2.) In particular, ACU argues that Judge Waldor's findings were "largely reliant upon the representations of Mark Lanterman, Plaintiff's computer forensics expert," who ultimately did not testify at trial. (*Id.*) ACU contends that "[v]irtually all of the problems raised by Plaintiff in its discovery motions" stemmed from Mr. Lanterman's opinions, which were false, unreliable, and contradicted by ACU's own forensics

3

expert. (*Id.* at 2-5.) ACU further argues that this Court committed a legal error by relying on "improperly considered evidence – Lanterman's Declarations and improperly submitted unsworn hearsay emails" in affirming Judge Waldor's Sanctions Opinion and Order. (*Id.* at 6-7.); and

**WHEREAS** Vision argues in opposition that the Motion for Reconsideration is untimely under Local Civil Rule 7.1(i), which governs motions for reconsideration. (Opp. at 1.) Vision further argues that the Court already rejected ACU's argument in its May 7, 2025 Opinion and Order, because the Court noted that Judge Waldor reached her decision without relying on Mr. Lanterman's representations. (*Id.* (citing ECF 352 at 12).) Finally, Vision argues that ACU has not identified any evidence or decisions that the Court overlooked in its May 7, 2025 Opinion and Order. (*Id.* at 3-5); and

**WHEREAS** the Court agrees with Vision that the Motion is untimely and can be denied for this reason alone. Under Local Rule 7.1, motions seeking reconsideration mist be made within 14 days of the entry of the Court's initial order. "Failure to timely file a motion pursuant to Local Civil Rule 7.1(i) is itself a basis for denying the motion." *Panarello v. City of Vineland*, No. 12-4165, 2016 WL 3638108, at *6 (D.N.J. July 7, 2016) (citing *Red Roof Franchising LLC, Inc. v. AA Hosp. Northshore, LLC*, 937 F. Supp. 2d 537, 543 (D.N.J. 2013), *aff'd sub nom. Red Roof Franchising, LLC v. Patel*, 564 Fed. App'x 685 (3d Cir. 2014)). ACU's Motion for Reconsideration is untimely because ACU filed the Motion on June 12, 2025, over four weeks after the Court's May 7, 2025 Opinion and Order; and

**WHEREAS** ACU admits in its Reply that its Motion for Reconsideration is untimely but argues that under Federal Rule of Civil Procedure 6(b)(1)(B), courts can extend the time by which an act may or must be done "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). (Reply at 2.) ACU argues that, under

4

relevant Third Circuit precedent, excusable neglect is satisfied here because, among other reasons, the May 7, 2025 Opinion and Order was issued "in the middle of the trial…[and] proceeded [sic] by weeks (over a month) of intense brief writing…" (*Id.* at 2-4 (citing *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993); *Livingstone v. Haddon Point Manager, LLC*, No. 19-13412, 2021 WL 5711612, at *5 (D.N.J. Dec. 2, 2021).); and

**WHEREAS** regardless of the timeliness of the Motion, it is without merit. ACU argues that the Court committed a clear error of law by affirming Magistrate Judge Waldor's Sanctions Opinion and Order. (*See generally* ACU Br.) In particular, ACU argues that the "claimed discovery failures" underlying Judge Waldor's Sanctions Opinion and Order were "largely reliant upon the representations of Mr. Lanterman." (ACU Br. at 2.); and

**WHEREAS** ACU's brief does not identify a clear error of law by this Court. Instead, ACU attempts to re-litigate this Court's decision affirming the Sanctions Opinion and Order. ACU argues here that the financial records at issue in the underlying discovery motions did not exist, and Judge Waldor improperly relied on Lanterman in erroneously concluding that those records did exist. (ACU Br. at 2-7.) ACU further states, "The legal error that occurred was a result of reliance upon improperly considered evidence - Lanterman's Declarations and improperly submitted unsworn hearsay emails." (*Id.* at 6). However, as this Court detailed in the May 7, 2025 Opinion and Order, ACU admitted that at least 30 of the documents at issue did exist, yet ACU failed to comply with no less than seven orders to produce them. (May 7, 2025 Opinion at 8-9 (citing Sanctions Opinion at 10-11).) Moreover, in its May 7, 2025 Opinion, this Court explicitly concluded that Judge Waldor did not rely on Mr. Lanterman's report or emails in reaching her decision to grant Vision's motion for sanctions. (*Id.* at 12-13.); and

5

**WHEREAS** a motion for reconsideration pursuant to Local Rule 7.1(i) "does not entitle a party to a second bite at the apple" and "is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion." *Ippolito v. Carpenito*, No. 19-19818, 2020 WL 1847671, at *1 (D.N.J. Apr. 13, 2020) (citations omitted); *see also ABS Brokerage Servs. LLC*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC*, 161 F. Supp. 2d at 353) ("Mere 'disagreement with the Court's decision' does not suffice."). ACU's Motion for Reconsideration is no more than an attempt to rehash the very same arguments this Court already rejected. For the foregoing reasons, ACU's Motion for Reconsideration (ECF 367) is denied.

Accordingly, **IT IS** on this 23rd day of March 2026,

**ORDERED** that ACU's Motion for Reconsideration of the May 7, 2025 Opinion and Order (ECF 367) is **DENIED**.

**SO ORDERED**.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Cari Fais, U.S.M.J.
        Parties

6