Michael Cukor, Esq.
**McGeary Cukor LLC**
3104 E Camelback Rd, #1010
Phoenix AZ 85016-3402

Evelyn A. Donegan, Esq.
**Rubin, Kaplan and Associates**
20 Centennial Ave
Piscataway, NJ 08854
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VISION INDUSTRIES GROUP, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. **2:18-cv-06296** |
| | : | |
| ACU PLASMOLD, INC., | : | |
| and ABC COMPANIES 1-10, | : | |
| and XYZ CORPORATIONS 1-10, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**Plaintiff's Supplemental Motion for Attorneys' Fees**

## TABLE OF CONTENTS

I. INTRODUCTION.................................................................................................................1

II. RELEVANT FACTS AND PROCEDURAL HISTORY .......................................................1

III. ARGUMENT ....................................................................................................................3

    A.    THE REQUESTED FEES ARE APPROPRIATE ............................................................3

    B.    THE REQUESTED FEES ARE JUSTIFIED...................................................................4

        1.    Continuity of Counsel Supports Consistency of Rates and Time.....................................4

        2. The Level of Effort and Hours Expended Are Warranted.......................................................5

    III.    CONCLUSION .....................................................................................................9

Pursuant to the Court's May 8, 2025 Order (ECF 355), Plaintiff Vision Industries Group, Inc. ("Vision") submits this brief in further support of its prior motion for attorneys' fees and costs pursuant to its sanctions motion (ECF 224) and the Court's subsequent Orders. ECF 265, 266, 352, and 353.

## I. Introduction

Judge Waldor entered a sanctions Opinion and Order against ACU Plasmold Inc. ("ACU" or "Defendant") which outlined ACU's "nonfeasance" and found that "ACU [ ] repeatedly sought to obstruct the judicial process and delay adjudication on the merits for as long as possible by refusing to produce discovery as required under the federal rules and ordered by the Court" and that "it is beyond reasonable dispute that a sanctions award is warranted." ECF 265 at 9.

The Court subsequently directed Plaintiff to submit a formal motion for approval of attorneys' fees in connection with the sanctions award within 30 days following the verdict of the bench trial.  ECF 355.

Vision now submits this motion in accordance with that directive.

## II. Relevant Facts and Procedural History

### A.  The Sanctions Order

On August 21, 2024, Magistrate Judge Cathy Waldor issued an Opinion and Order (ECF 265, "Sanctions Order"; ECF 266, "Sanctions Opinion"; and together, the "Sanctions Opinion and Order") granting in part Vision's Motion for Sanctions (ECF 224), which arose from ACU's conduct during discovery.

1

The Sanctions Opinion and Order granted Vision an award of attorney fees for the costs and fees it incurred in connection with (i) the discovery proceedings discussed in Section IV(a)(2) of the Sanctions Opinion (ECF 265) and (ii) in connection with the then current sanctions motion and the prior sanctions motions.  ECF No. 104 and 124.

On September 20, 2024, Vision submitted declarations of its counsel to Judge Waldor and opposing counsel showing the time entries and total amounts spent in connection with the fees awarded in the Sanctions Opinion and Order.  The declarations without the time entries attached were filed electronically as ECF 273 and 274.

On September 6, 2024, ACU appealed the Sanctions Opinion and Order. (ECF 269; ECF 271).

In an Opinion and Order dated May 7, 2025, this Court affirmed the Sanctions Opinion and Order.  ECF 352, ECF 353.

On June 12, 2025, ACU moved for reconsideration of the Court's May 7, 2025 Opinion and Order, affirming Judge Waldor's Sanctions Opinion and Order. ECF 367-1.

On March 23, 2026, this Court Denied ACU's motion for reconsideration finding it was "without merit". ECF 372

### B.  The Trial

From May 5, 2025 to May 8, 2025, this Court held a bench trial regarding Vision's claims for breach of contract and breach of the covenant of good faith and fair dealing against ACU.

On April 6, 2026, this Court entered a Trial Opinion and Order and Judgment Ordering that judgment be entered in favor of Plaintiff Vision on Count 1 (breach of contract); and that judgment be entered in favor of Defendant ACU on Count 2 (breach of the covenant of good faith and fair dealing) and awarding Vision damages.

2

### C. Judge Waldor's Direction regarding the Fees

On May 8, 2025, Judge Waldor entered a text Order stating:

> For the avoidance of doubt, Plaintiff's counsel is instructed to file a formal motion for approval of attorneys' fees in connection with the sanctions award, (*see* ECF Nos. [265], [266], [352], and [353]), within thirty (30) days following the verdict in the bench trial before Judge Semper.

ECF 355.

## III. Argument

An award of attorneys' fees pursuant to a sanctions order must be reasonable and limited to compensatory fees incurred as a result of the sanctioned conduct. *See, e.g.,* Fed. R. Civ. P. 37; *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017). Where, as here, the Court has already determined that sanctions are warranted and identified the categories of recoverable fees, the remaining inquiry is whether the amount requested is reasonable in light of the work required by the sanctioned conduct.

### A.     The requested fees are appropriate

The Court has already determined that ACU's conduct warrants a fee award and has defined the scope of recoverable fees. The issue before the Court is therefore not entitlement, but the reasonableness of the amount requested. When considering the scope of recovery, the Court should look to the amount of work Vision was required to do as a result of the sanctioned conduct.  See, e.g., ECF 89, 92, 98, 104, 106, 108, 109, 110, 124, 125, 144, 146, 147, 154, 224, 225, 229, 233, 240, 265, 266, 271, 272, 275, 352, 353, 368, and 372.

3

As demonstrated by the more than two dozen docket entries identified above, ACU not only engaged in the sanctioned conduct, it repeatedly failed to comply with the Court's Orders and forced more motions and briefing and argument on Vision.

## B.    The Requested Fees are Justified

Vision seeks $197,268.50 in attorneys' fees for the services rendered by its counsel in performing the tasks that were identified in the Sanctions Order.  That request is reasonable, fair, and appropriate under the circumstances.  Vision has not sought to supplement that award to include time for defending against ACU's various appeals and motions for reconsiderations of the Sanctions Order, or for the costs associated with this motion.

### 1.    Continuity of Counsel Supports Consistency of Rates and Time.

Vision retained Ms. Donegan in 2018 and Mr. Cukor in 2019 to pursue this litigation. Vision has not changed counsel since they were retained.  Mr. Cukor's rates ranged from $500/hour in 2019 to $650/hour in 2025.  Ms. Donegan's rate was $250/hour.  Vision's counsel's rates were reasonable.  *See Shelton v. Restaurant.Com Inc.*, Civil Action No. 10-824 (MAS) (DEA) (D. N.J. Dec 21, 2016) (finding $520-$650/hour partner rates reasonable *in 2016*); See also https://clsphila.org/about-community-legal-services/attorney-fees/ (last visited April 20, 2026), showing rates of $630-850 *in 2023* for counsel with the experience levels of Vision's counsel).

ACU's repeated substitution of counsel—often following adverse rulings—further contributed to the inefficiencies and increased costs that the sanctions award was intended to address.  *See, e.g.,* ECF 265 at 5-7.

Throughout the course of the litigation, ACU retained counsel from large firms such as Wilentz Goldman & Spitzer, PA, and Cohn, Lifland, Pearlman, Herrmann & Knopf LLP. ACU's retention of those firms, signaled it was willing to pay premium rates and invest heavily in its case and Vision was entitled to retain counsel of its choice, at what it suspects were lesser rates, to pursue this matter.

**2. The Level of Effort and Hours Expended Are Warranted.**

The time sheets submitted in the Cukor and Donegan Decs. reflect work that was necessary, nonduplicative, and proportionate to the issues addressed. The sanctioned conduct required multiple rounds of letter writing, briefing, and oral arguments.

As Judge Waldor stated "the record here speaks for itself — indeed, the case docket in this two- party, two-count breach of contract case runs over 250 entries, many if not most of which concern ACU's failures to comply with its discovery obligations — and provides more than ample ground to address Vision's motion." Sanctions Order at 5.

The scope and persistence of ACU's discovery misconduct is reflected in the Court's repeated intervention over several years. The following chart, drawn from the record, illustrates the number and nature of orders ACU failed to comply with, and the resulting burden on Vision. Each of these violations required motion practice, court intervention, or follow-up enforcement efforts.

| DATE | PROCEEDING/HEARING |
|---|---|
| September 24, 2019<br><br>ORDER | Plaintiff's motion to compel the records of Defendant's U.S. affiliate's sales in the U.S.<br><br>Ruling: |

|  |  |
|---|---|
|  | "For the reasons stated on the record during oral argument on 9/23/19, Plaintiffs Motion to Compel (DE 41) is granted in its entirety."<br><br>Docket Entry 53. |
| November 4, 2019<br><br>ORDER | "The Defendant shall produce John Quach for deposition [and] Defendant shall produce all documents requested in Plaintiff's Motion to Compel, including all sales records to all customers in the U.S. by November 11, 2019."<br><br>Docket Entry 61. |
| November 4, 2019 | ACU Fires and hires new counsel |
| November 12, 2019 | [ACU makes motion to stay production of the financials]<br><br>"Discovery shall proceed. The Motion to Stay is denied."<br><br>Docket Entry 65. |
| December 5, 2019<br><br>ORDER | "Defendants failure to supply and cooperate with discovery is ongoing. … Failure to cooperate with discovery and this Order **will result in the striking of defenses**. … Defendant will have 14 days from receipt of the deficiency letter to comply and respond on the docket."<br><br>Docket Entry 72. |
| January 2, 2020<br><br>ORDER | "Defendant will provide a certification as to the reasons for large redactions in the documents provided. … These extensions [to the schedule] are given in light of new counsel for Defendant as well as the delay in providing discovery, and translation of same. No further extensions will be entertained."<br><br>Docket Entry 76. |
| September 2, 2020 | ACU Hires new counsel who files a motion to compel.<br><br>Docket Entry 83 and 88. |
| November 4, 2020<br><br>ORDER | "The Court denies dkt. # 88 defendants [motion to compel] in its entirety. This Court will not entertain tit for tat discovery. Defendants requests are wholly irrelevant. Defendants shall produce sales reports, records and financials from Mr. Quach by November 17, 2020."<br><br>Docket Entry 91. |

| November 23, 2020 | [Defendant Refuses To Produce Quach Records] The Quach documents produced were "a fair reading of the Quach deposition" and no additional information will be produced.<br><br>Docket Entry 92. |
|---|---|
| November 25, 2020<br><br>ORDER | "Defendant shall produce discovery from Mr. Quach before 12/10/20."<br><br>Docket Entry 94. |
| January 25, 2021 | ACU Hires new counsel (Ed Miller).<br><br>Docket Entry 102. |
| April 26, 2021<br><br>ORDER | "Defendant has defied all Court orders, and now has entered yet another attorney in this case. Defendant now claims that the sole employee and partner of defendant lied in his deposition about the existence of records."<br><br>Docket Entry 113. |
| June 29, 2021<br><br>ORDER | "Defendant did not show up for the deposition of plaintiffs expert, without any notice. Defendant did not produce their expert for deposition by the June 1, 2021 [deadline, DE 97]."<br><br>Docket Entry 117. |
| July 16, 2021<br><br>ORDER | "Defendants request for the undersigned to recuse herself from this matter is DENIED as meritless. The parties will abide by all Court orders and litigate this case on behalf of their respective clients in a professional manner."<br><br>Docket Entry 121. |
| July 26, 2021 | ACU counsel admits violation of the Protective Order but alleges he did not understand that Attorney's Eyes Only designations prohibited disclosure to his client by his expert.<br><br>ACU submits to Consent Order regarding admitted violation of the Protective Order.<br><br>Docket Entry 122 and 134. |
| October 27, 2021<br><br>ORDER | "Defendant will deliver the Quach materials both the imaging and the report by November 3, 2021, in the event they are not delivered this Court will take appropriate action."<br><br>Docket Entry 143. |
| January 3, 2022<br><br>ORDER | "The parties shall instruct the [Quach imaging] vendor [Mr. Lanterman] to preserve all work and work product, and not distribute such work to any party, until the Court rules on |

7

| | |
|---|---|
| | the sanctions application. **Neither party shall contact the vendor ex parte**." <br><br>Docket Entry 155. |
| February 2, 2022 | Letter from Mr. Lanterman <br><br> "On December 1, 2021, [Mr. Miller] contacted CFS and posed a number of substantive questions to CFS, without opposing counsel on the line. At the start of the call you asked one question about billings (why some tasks were billed at a different hourly rate), and then asked [many substantive questions]. <br><br> We asked if you would put your questions in an email, to which you responded that "I can't do an email. I had an agreement with my counter parties not to communicate with you without them...I need it verbally over the phone." We did not answer your questions. I think that your position now that you only contacted CFS regarding billing is disingenuous and, based on our records, at best, you simply used our billings as a pretext for a direct, substantive communication. You put us in an awkward situation, Ed." <br><br> Docket Entry 166. |
| January 25, 2022<br><br>ORDER | [ACU fails to pay the Court Ordered costs to Mr. Lanterman DE 132] "Mr. Miller will notify the Court within 24 hours when his client will pay the full expenses for computer imaging. Mr. Lanterman is directed to continue to preserve all information and data related to this matter." <br><br> Docket Entry 160. |
| February 1, 2022 | Letter from Mr. Lanterman <br><br> "In an October 12, 2021 phone call between Nate, [Mr. Miller], and Mr. Quach discussing the mass deletions (again, not about billing), [Mr. Miller] acknowledged [Mr. Miller] had advised Mr. Quach that he could delete files before sending the device to CFS. As it turns out, many of the deleted files were germane to this litigation, including entire QuickBooks files…[Mr. Miller] mislead the Court." <br><br> Docket Entry 166. |

Each of the time entries submitted reflects work necessitated by ACU's failure to comply with its discovery obligations and the resulting need for repeated motions, hearings, and enforcement efforts.

Given the full affirmance of Judge Waldor's decision and the extensive record of misconduct, the amount of time devoted was proportionate to the burden ACU placed on Vision.

**III.    Conclusion**

For the foregoing reasons, Vision respectfully requests that the Court award Vision its costs and fees as set forth herein.

Dated: April 23, 2026

By: /Michael Cukor/s

Michael Cukor, Esq.
**McGeary Cukor LLC**
3104 E Camelback Rd, #1010
Phoenix AZ 85016-3402
mcukor@mcgearycukor.com

Evelyn A. Donegan, Esq.
**Rubin, Kaplan and Associates**
20 Centennial Ave
Piscataway, NJ 08854

Attorneys for Plaintiff

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 23, 2026 I served a true and correct copy of the foregoing motion by filing this document using the CM/ECF system, which will send notification of such filing to all counsel registered within CM/ECF as participants in this matter.


By: /Michael Cukor/s

10